THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES ROGAS, Defendant.

County Court, Kings County, March 5, 1936.

*Ella Bernard,* for the motion.

*William F. X. Geoghan, District Attorney [Harry J. Walsh* of counsel], appearing, but not opposing.

FITZGERALD, J. The defendant has been indicted for the killing of two persons. There are two indictments charging murder in the first degree. Defendant pleaded not guilty to each indictment with a specification of insanity.

Counsel have heretofore been assigned for the defense of the defendant, and the court has authorized the employment of two alienists as expert witnesses in his behalf.

A motion is now made that the alienists employed on his behalf be permitted to inspect certain statements in the possession of the district attorney, which it is alleged were made approximately immediately after the commission of the alleged crimes by the defendant either to members of the police department or to members of the district attorney's staff.

The ground upon which the application is based is that the experts have made an exhaustive investigation, but are unable, or unwilling, to form an opinion as to whether defendant was insane at the time the crimes were committed, without an inspection of defendant's statements.

The motion is not opposed by the district attorney. His position is that if the court conclude that it has the power to direct the inspection, and if under the circumstances the court is convinced that justice requires the inspection for which application is made, that the district attorney will acquiesce.

The question is novel. There is no reported case found in any jurisdiction in which the question presented was involved.

*People* v. *Walsh* (262 N. Y. 140) is not decisive. The question there was whether the defendant was entitled to a statement made by a witness for the prosecution for use in cross-examination of such witness. It was there held that if an inspection of such statement by the " judge reveals contradictory matter, its use for cross-examination on the question of credibility may be and usually should be permitted."

It was recalled, however, that it is still the rule " that the defense has no right to go ' upon a tour of investigation, in the hope that they would find something which would aid them.' " (*Arnstein* v. *United States*, 296 Fed. 946, 950.) " When, however," the court continues, " it does appear that there is evidence in the possession or control of the prosecution favorable to the defendant, a right

sense of justice demands that it should be available, unless there are strong reasons otherwise."

In *People* v. *Miller* (257 N. Y. 54) it was held that when documents in court are of such a nature that if called for by subpœna they would be subject to inspection by the adverse party, the duty of the judge is to direct the holder of the documents to produce and exhibit them.

That case does not touch the question.

*People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24), sustained an order of prohibition and precluded the district attorney from filing certain documents pursuant to an order of the court.

Defendant was furnished with a transcript of the minutes of the grand jury. An order was made directing the district attorney to file all written statements made by certain witnesses in possession of the district attorney, together with reports of a *post mortem* examination of the deceased, and all reports and information made directly or indirectly to the district attorney with reference to any chemical analysis or examination of the body of the deceased prior to the filing of an information by the district attorney in the Police Court. That is the order against which the order of prohibition was issued.

" Nowhere," said the court (p. 29) " has there been a suggestion that the jurisdiction [of the court] can be properly extended to notes or memoranda in the possession of the prosecutor, but inadmissible as evidence for prosecution or for defense."

The inspection sought here is of statements made by the defendant. If they contain admissions against interest they are admissible against him, unless precluded by the provisions of section 395 of the Code of Criminal Procedure. They would not be competent on behalf of defendant.

" Whether apart from statute and beyond it," said CARDOZO, Ch. J., " there is a supervisory jurisdiction, as yet unplumbed and unexhausted, in respect of criminal prosecutions, is something that can best be determined at the call of particular exigencies in the setting of the concrete instance. The courts are properly reluctant to abjure power in advance, or to confine in predetermined formulas the occasions of its exercise."

Further, he says, speaking of the application made by the defendant (p. 33): " She does not ask that she inspect any confession made in her name and admissible against her. Conceivably such inspection may be necessary at times, as, for instance, to enable a defendant to prove the forgery of a signature." (*People ex rel. Lemon* v. *Supreme Court, supra.*)

The inspection sought here is of the statements of the defendant. They may, as heretofore stated, be competent against the defendant.

If they contain admissions, or are confessions, their effectiveness will not be impaired by their inspection by alienists.

The moving papers assert that the experts cannot form an opinion without knowledge of what the statements contain. If they are put in evidence against the defendant they will then be available for inspection.

The defendant is to be tried upon a charge in which his life may be forfeit. Such a trial should not be a test of skill or of wits. All reasonable opportunity should be afforded defendant to have his defense fully and effectively presented.

No reason is urged that irreparable mischief would result from the proposed inspection; no disadvantage would result to the People; no disclosure would be made which would prejudice or handicap them in presenting their case.

The proposed inspection may be of incalculable benefit to the defendant. A right sense of justice seems to decree that this is a proper occasion for the exercise by the court of its discretionary power.

The motion is granted.