The People of the State of New York, Plaintiff, *v.* Steven Skoyec, Defendant.

Supreme Court, Special Term, Broome County, October 7, 1944.

*Frank D. Morris* for defendant.

*Robert O. Brink, District Attorney,* for plaintiff.

O'CONNOR, J. The Grand Jury of Broome County indicted the defendant Steven Skoyec at the May, 1944, Term of the Supreme Court for murder in the first degree, alleging that on March 31, 1944, he caused the death of Anastasia Schneider by stabbing her on the body and in the heart with a hunting knife. Defendant pleaded not guilty with a specification of insanity. Counsel was assigned for the defense of the defendant and the court, at his request, authorized the employment of two alienists as expert witnesses in his behalf.

This motion was made in the first instance solely upon the affidavit of defendant's attorney in which he stated that he had been informed by the defendant that immediately after the commission of the alleged homicide defendant had made various statements and confessions to the District Attorney, and/or the police, that he had killed Anastasia Schneider, and that he had been informed by his alienists, and verily believed, that the alienists would be unable and unwilling to form an opinion as to whether the defendant was insane at the time of the commission of the alleged crime without an inspection of defendant's alleged confessions. At that time the alienists had not examined the defendant. He later submitted the affidavits of the alienists stating that they had made an exhaustive investigation and examination of defendant consisting of a life history, a physical, neurological and psychiatric examination and that they could not and were unwilling to form an opinion as to the sanity of the defendant at the time of the alleged commission of the crime without an examination of the confession; and that prior to said examination a blood test and a spinal fluid test taken of said defendant disclosed he was suffering from syphilis both in his blood and spinal fluid.

The defendant made an affidavit in support of his motion that immediately after the commission of the alleged homicide he was taken to the Binghamton Police Station, where he was questioned by the District Attorney, his assistants and by various police officers; that he was questioned again the next morning,

his statements reduced to writing and he signed them. That because of his state of mind he has only a faint recollection of what occurred at the time he was questioned and cannot repeat what he said at that time.

It seems as if undue and unwarranted importance is being attached to the necessity for an examination of the confession as the determining factor of the sanity of the defendant at the time of the commission of the crime. Also that the defendant is seeking to obtain an inspection of the confessions for some other purpose. If this be so, the defendant is not entitled to an inspection of the confessions, as the rule is that the defense has no right to go upon a tour of investigation in the hope that they will find something which will aid them. (*Arnstein* v. *United States*, 296 F. 946, 950; *People* v. *Walsh*, 262 N. Y. 140, 149; *People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.)

A very learned and exhaustive discussion of the question as to whether an inspection should be granted, under the circumstances here, is contained in the opinion of Chief Judge CARDOZO in *People ex rel. Lemon* v. *Supreme Court* (*supra*) in which he, in effect, states the tendency in civil causes is to limit the power strictly within the terms of the statute granting permission to inspect statements, and whether the time has arrived when the rules in civil cases, which govern and define the remedies whereby evidence is made available, should be taken over by the criminal courts and applied to criminal actions by a process of analogy is still an open question.

One of the tests which seems to be applicable to cases of this kind is whether or not the statements or confessions would be admissible in evidence. There is no claim here by the defendant that the confessions were obtained by fraud, duress or force. If the statements and confessions made by the defendant contained admissions against interest they are admissible against him, unless precluded by section 395 of the Code of Criminal Procedure. They would not be competent on behalf of the defendant. (*People* v. *Rogas*, 158 Misc. 567; *People ex rel. Lemon*, v. *Supreme Court, supra*.) Where there is evidence in possession or control of the prosecution favorable to the defendant it should be made available to the defendant unless there are strong reasons otherwise. (*People* v. *Walsh*, 262 N. Y. 140, 150, *supra*.) Prior to the trial an inspection may not be had for the sole purpose of prying into the People's case.

" To obtain an inspection, defendant must show facts which would warrant the Court's exercise of its discretion that a preliminary inspection is necessary and that an inspection at the

time of trial will not answer his needs.'' (C. J. S., Criminal Law, § 955; *People* v. *Gatti,* 167 Misc. 545, 550.)

Until the Legislature extends the power of courts to permit the defendant in a criminal case to inspect a confession prior to the trial, the courts should not exercise that power, unless unusual circumstances demand it.

On the trial the court will readily grant the alienists ample time and opportunity to inspect the confessions. This would seem to be the best and fairest method of procedure for all concerned. To permit the defendant to inspect statements and confessions prior to the trial, as a matter of course, as in *People* v. *Rogas* (158 Misc. 567, *supra*) would, in our opinion, be very prejudicial to the People's case.

Defendant cites *Meehan* v. *McCloy* (266 App. Div. 706, 761) and *Bearor* v. *Kapple* (24 N. Y. S. 2d 655) in support of his contention. Both of these were actions to recover damages for injuries sustained and the statement in each instance had been obtained by an insurance adjustor immediately after the accident and, practically, in violation of section 270-b of the Penal Law forbidding the obtaining of such a statement at a hospital within fifteen days after the accident occurred, and are not in point here.

The motion is denied. An order may be entered accordingly.