THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RUSSELL CHARLES DONNELLY, Defendant.

County Court, Steuben County, September 15, 1953.

*McDonough, Boasberg & McDonough* for defendant.

*Domenick L. Gabrielli, District Attorney,* for plaintiff.

BRISCO, J. A motion has been made by the defendant for a bill of particulars. It appears from the affidavit submitted to the court that the Grand Jury of Steuben County, on June 3, 1953,

indicted the defendant for the crime of criminal negligence in the operation of a vehicle, resulting in death, in violation of section 1053-a of the Penal Law of the State of New York. Defendant has been arraigned and has entered a plea of not guilty.

The indictment arose out of an automobile accident in the town of Bath, Steuben County, New York, on or about May 9, 1953, in which one Daniel W. Cragg is alleged to have met his death by reason of having been struck by an automobile operated by the defendant at said time and place. The indictment does not contain any allegations as to the exact location or time of day of the accident, and it appears to generally allege that the defendant operated and drove the automobile in a reckless and culpably negligent manner.

The defendant further alleges that without the benefit of counsel he was directed to and did sign a statement some three or four hours after the accident, in which details of the alleged accident were set forth at some length. The defendant claims that this statement was signed by him without an opportunity to properly examine the statement and while the defendant was still suffering from the shock of the accident. Defendant, therefore, demands that he be given a copy of this statement in order to enable him to make a proper and sufficient investigation of the accident and the circumstances surrounding the same, including the interviewing of any eye witnesses to the accident. Defendant claims that unless he is permitted to have this statement it will seriously prejudice his rights and will have the effect of depriving the defendant of a fair trial.

The District Attorney is directed to furnish the defendant with the following items: " 1 ", " 2 " and " 3 ". This court, however, denies the defendant's application to have a copy of the alleged statement allegedly furnished by him immediately following the accident.

An examination of *People ex rel. Lemon* v. *Supreme Court of State of New York* (245 N. Y. 24, 33) sets forth instances wherein the court has furnished the defendant with documents in advance of trial. Judge CARDOZO said, among other things: " She (the defendant) does not ask that she inspect any confession made in her name and admissible against her. Conceivably such inspection may be necessary at times, as, for instance, to enable a defendant to prove the forgery of a signature."

An independent research by this court discloses a well-written discussion of pretrial inspection of prosecution's evidence by defendant in Dickinson Law Review (Vol. 53, pp. 301–308), under date of June 8, 1949.

The reasons for the denial as set forth in the Dauphin County Court's opinion in *Commonwealth* v. *Smith* (60 Dauph. Co. Rep., p. 35 [1949]), are accepted by me to be good, sound and sensible. The court there held, in substance, that the defendant's statement to the police should be peculiarly within the defendant's knowledge. No unusual circumstances would warrant production of the statement. The defendant will not be embarrassed in the preparation of his defense. Public policy does not indicate the necessity to compel the discovery of the documents in the furtherance of justice. The courts are fearful a guilty defendant will escape conviction by manufacturing refutations and falsifying alibis. The People already have heavy burdens, and justifiably so, such as the presumption of innocence and other burdens. It does not seem that the courts should add to that heavy burden by letting the defendant see the People's case prior to trial in a criminal matter. The refusal to permit the defendant to see the statement is further supported by such authorities as Wigmore on Evidence (Vol. 6, § 1859g) and Wharton on Criminal Evidence (Vol. 2, §§ 1311, 1312, 1354) and Story on Equity Jurisprudence (9th ed., § 1494).

Let an order be entered accordingly.