Hyman Barshay, J.
The defendant, who was indicted for the crime of murder in the first degree, now moves for the following relief: (a) permission to inspect the medical exam-, iner’s autopsy report and the issuance of a transcript of such report, and (2) permission to examine all statements made by ■him in connection with the death of the victim herein.
Although the moving papers for the inspection of the autopsy report fail to meet the standard laid down in People v. Preston (13 Misc 2d 802), namely that the cause of death is an issue herein, nevertheless since the findings contained in the autopsy report are admissible in evidence (People v. Nisonoff, 293 N. Y. 597; Civ. Prac. Act, § 374-a), this court, in the exercise of its discretion grants the defendant’s application for an inspection of the medical examiner’s report and directs the District Attorney to furnish his counsel with a transcript of the medical examiner’s report of the autopsy performed on the body of the deceased, Dorothy Campbell. (Matter of Silver v. Sobel, 7 A D 2d 728.)
The defendant also moves that he be permitted to examine all statements made by him in connection with the death of Dorothy Campbell.
Prior to the determination of the instant motion another court, in People v. D’Andrea (20 Misc 2d 1070), granted a similar application only to the extent of directing the District Attorney to furnish it with a copy of the defendant’s statement. The court based its authority for its decision on cases of other jurisdictions. However, for the purposes of this motion, it is not necessary to look to other jurisdictions for the answer to our problem, since research discloses that the authorities in New York State, which includes the Court of Appeals, are unanimous in holding that a defendant is not entitled to a pretrial inspection of any statements made by him to the police or prosecuting authorities. (See People ex rel. Lemon v. Supreme Court, 245 N. Y. 24; People v. Walsh, 262 N. Y. 140, 149 ; People v. Jordan, 128 N. Y. S. 2d 457 ; People v. Donnelly, *96 204 Misc. 556, 558; People v. Skoyec, 183 Misc. 764; People v. Gatti, 167 Misc. 545, 547.)
The earliest case on the subject herein is People ex rel. Lemon v. Supreme Court (supra, p. 34) in which the defendant sought an inspection of her confession on the ground that the “ study of the evidence will be helpful in preparing her defense ’ ’. Judge Cardozo, in denying the application, held at page 34: “ This is to enlarge the remedy beyond anything permitted by analogy or precedent * * * What concerns us at the moment is the scope of the remedy available in advance. At such a stage of the contest, a remedy so drastic is within the condemnation of the rule that inspection may not be had for the sole purpose of prying into the case of one’s opponent ”. (Emphasis supplied.)
The Court of Appeals, likewise, in People v. Walsh (262 N. Y. 140, 149) held that as a general rule the defense has no right to go upon a tour of investigation in the hope that they will find something which will aid them.
This latter holding recently prompted Judge Davidson, in People v. Cassuto (N. Y. L. J., Jan. 27, 1960, p. 15, col. 1) to deny an application of a similar nature. In denying that application, the court quoted from People v. Gatti (167 Misc. 545, 547) where it held: “ The general rule is that the accused has no right to the inspection or disclosure of evidence in the possession of the prosecution; and the courts ought not to lend their aid when satisfied that a demand for inspection is merely for exploratory purposes.”
There may be cases, however, where there are such unusual circumstances which might justify the granting of an inspection of a defendant’s statement, but in the absence thereof applications of that kind ought not to be granted.
The granting of motions of this nature without a showing of unusual circumstances would encourage such a flow of applications as to place a heavy burden both on the courts and the prosecuting attorneys. This would be so because in a great many cases statements are taken from defendants at the time of their apprehension.
This court hastens to add that on the trial when the proper time comes for the defendant to inspect the statement, his rights to do so will be adequately protected.
Accordingly, this part of the defendant’s application is denied. Submit order.