Hymah Barshay, J.
The District Attorney moves for an order permitting a qualified psychiatrist, designated by him, to enter the Brooklyn House of Detention, for the purpose of examining this defendant psychiatrieally. The defendant, indicted for murder in the first degree, pleaded not guilty, with a specification of insanity. On application of his counsel, I designated two psychiatrists to testify on his behalf. Heretofore, the defendant was indicted for murder in the first degree on another indictment. He pleaded not guilty by reason of insanity, was tried and convicted as charged. In the opinion reversing the conviction (People v. Higgins, 5 N Y 2d 607), Judge Froessel referring to the defendant’s expert witnesses said:
“ These three experts examined defendant numerous times and, in accordance with recognized procedure for determining epilepsy, subjected him to a variety of physical neurological psychological tests (p. 614, italics supplied) ”.
“ The only doctors who examined him” (p. 626).
And referring to the People’s experts, he said: “ Two expert witnesses, neither of whom had ever examined defendant, testified for the People in rebuttal ” (p. 616, italics supplied).
From the aforesaid, the District Attorney contends that the Court of Appeals inferred that the defendant should be examined by the expert witness for the People. Defense counsel urged many reasons why this application should be denied, only one of which I need consider. They advised me on the argument of this motion that they will instruct the defendant to refuse to see or to speak to any psychiatrist representing the District Attorney.
It would be useless for me to grant such an order in view of the fact that there is no method by which I could enforce it (People v. Fazio, N. Y. L. J., May 3, 1954, p. 13, col. 4). The motion is, therefore, denied. Submit order.