Louis Gr. Bruhn, J.
This is a motion on behalf of the defendant for an order requiring the District Attorney to furnish counsel for the defendant copies of any and all written statements made to him or members of his staff or to any member of any law enforcement agency.
.The defendant predicates his motion on the basis that an ‘ ‘ inspection at the time of trial will not give the defendant *1073 adequate opportunity to prepare and present evidence showing the inaccuracy thereof ’ ’ and on the further basis that ‘ ‘ since Section 399 of the Code of Criminal Procédure provides that a conviction cannot be had upon the testimony of an accomplice, unless he be.corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and no such corroboration may exist except the alleged statement of defendant, smith.”
It impresses this court that the reasons given are rather weak because, if there actually are inaccuracies the defendant must already be aware of them and able to inform counsel and consequently no valid reason exists to provide a copy in order to prepare for trial and, if no inaccuracies exist the same reason for refusal would prevail with equal force.
Further, if we are to assume that counsel, rather than the defendant, does not know of any inaccuracies then it is fair to assume that a ‘1 fishing expedition ” is in the offing.
It has always impressed this court that if a defendant has truthfully recited the facts in a statement or confession he should later be able to repeat such facts to counsel, at least, if not verbatim, in substance, without the necessity of a review of the statement itself.
Unless a valid reason is advanced, suspicion certainly exists that an ulterior motive may be generating the request.
This court is familiar with the recent holding of the learned County Judge of Kings County in the case of People v. D’Andrea (20 Misc 2d 1070).
In his opinion, Judge Sobel indicates (p. 1077) that the “ guiding criteria ” which will require his granting the pretrial inspection of a confession will be cases “ (1) where the voluntary nature of the confession will become an issue, and (2) upon the assertion of a defendant that he does not remember the contents of his confession.”
Incidentally, even though this court were to accept such criteria, the instant application fails to come within either.
Even Judge Sobel apparently has some misgivings about their adoption since at page 1077 he states: “These criteria may appear to be too liberal. They strike me as both practical and sound. I shall adopt them until and unless our appellate courts suggest other criteria.”
The case of People ex rel. Lemon v. Supreme Court (245 N. Y. 24) decided in 1927 is undoubtedly the leading case on pretrial discovery and inspection in criminal proceedings and is so conceded by the learned Judge.
*1074 While the question of a pretrial discovery was not before the court in that case, Judge Cardozo, (p. 33) announced one criterion that might well afford justification for granting a pretrial discovery of a confession: ‘ ‘ She does not ask that she inspect any confession made in her name and admissible against her. Conceivably such inspection may be necessary at times, as, for instance, to enable.a defendant to prove the forgery of a signature.”
Conceivably it might also be necessary were the alleged confession made in a foreign language. (People v. Wargo, 149 Misc. 461.)
Undoubtedly there may be other situations equally meritorious where, in the interest of justice, the application should be granted. (People v. Rogas, 158 Misc. 567.)
To adopt the criteria suggested by my learned colleague would, it seems to me, remove all discretion from the court since experience as a prosecutor and Judge suggests that such criteria exist in practically all criminal proceedings where a confession is involved.
If such criteria, and those alone, are to be adopted because they are “both practical and sound”, legislative, rather than judicial, action would appear indicated.
Even Judge Caedozo in the Lemon case (supra) was apprehensive of any fixed criteria since at page 32 he stated: ‘ ‘ Whether apart from statute and beyond it there is a supervisory jurisdiction, as yet unplumbed and unexhausted, in respect of criminal prosecutions, is something that can best be determined at the call of the particular exigencies in the setting of the concrete instance. The courts are properly reluctant to abjure the power in advance, or to confine in predetermined formulas the occasions of its exercise.” (Emphasis supplied.)
In addition, it would seem that if such criteria are to be applied to confessions, they should also be applied whether the label be confession, admission or exculpatory statement.
To attempt to make that type of distinction in advance might well complicate the whole procedure much more than it presently appears to be.
This court is aware of the fact that the court in People v. Abbatoy (21 Misc 2d 576) granted an application in a perjury case but cited as its authority the D’Andrea case (supra) and the case of People v. Walsh (262 N. Y. 140, 150), which would appear not to be in point since it involved the question of the production of a statement for the purpose of cross-examination at the trial.
Other courts, however, agree with the conclusion of this court. (People v. Skoyec, 183 Misc. 764; People v. Donnelly, 204 Misc. *1075 556; People v. Jordan, 128 N. Y. S. 2d 457; People v. Martinez, 15 Misc 2d 821; People v. Higgins, 21 Misc 2d 567.)
Therefore, since the defendant has not shown any unusual circumstances to move the discretion of the court, the application is denied.