Howard A. Zeller, J.
The defendant has moved for several kinds of pretrial discoveries and inspections including “ Copies of any written statements signed or executed by the said defendant secured by the People through the District Attorney or the New York State Police ”.
The defendant presently is under indictments of murder in the first degree in connection with the deaths of his two small sons and of arson in the first degree in connection with a fire in his home. He has entered pleas of not guilty and not guilty by reason of insanity.
The circumstances under which a defendant in a criminal action may be entitled to an inspection of a written statement made by him to investigators of crime have not been clearly defined by the courts of this State. There appears to be no appellate court decision which directly passes upon a defendant’s right to such statement, although dicta in some opinions indicate that such an inspection might be permitted under sufficiently compelling circumstances. Decisions at Special and Trial Term level differ concerning the criteria to be applied in determining such applications.
In the case of People ex rel. Lemon v. Supreme Court (245 N. Y. 24) the Court of Appeals affirmed an order prohibiting the Supreme Court from requiring a District Attorney to exhibit documents in his possession to a defendant charged with murder. Chief Judge Cardozo, writing for an unanimous court, stated (pp. 33-34): “She [the defendant] does not ask that she 'inspect any confession made in her name and admissible against her. Conceivably such inspection may be necessary at times, as, for instance, to enable a defendant to prove the forgery of a signature. She asks that she examine the incriminating statements of a conspirator whose confessions will not be evidence except against himself. So far as the record shows, he has not even been indicted. If indicted, his trial will be separate from *440 hers. The reason why she asks for a disclosure of the statements of the physicians and the chemists is her belief that their statements to the prosecutor were fuller in all probability than their statements to the grand jury already in her possession. A like reason explains her request for the confessions. In a word, statements and memoranda collected by the prosecutor are to be exhibited to the defendant, though none of them will be admissible either for her or against her if offered at the trial. She makes no claim that they will be. She takes the ground that she should have them because study of the evidence will be helpful in preparing her defense. This is to enlarge the remedy beyond anything permitted by analogy or precedent.” The opinion also states (p. 32): “ The decision of this case does not require us to affirm or deny the existence of an inherent power in courts of criminal jurisdiction to compel the discovery of documents in furtherance of justice. The beginnings or at least the glimmerings of such a doctrine are to be found, as we have seen, in courts other than our own. A search of predecents in this State yields results that are largely negative, if our scrutiny is confined to criminal prosecutions. * * *. Whether apart from statute and beyond it there is a supervisory jurisdiction, as yet unplumbed and unexhausted, in respect of criminal prosecutions, is something that can best be determined at the call of particular exigencies in the setting of the concrete instance. The courts are properly reluctant to abjure the power in advance, or to confine in predetermined formulas the occasions of its exercise.”
People v. Walsh (262 N. Y. 140) considered whether a written statement made by a witness to the District Attorney should be required to be produced at the trial for use by the defense. The court said (p. 149): “ Without extended discussion, we are of the opinion that where a witness in a criminal case testifies to having made such a statement, and the statement is in court and an inspection of it by the presiding judge reveals contradictory matter, its use for cross-examination on the question of credibility may and usually should be permitted. * * * It is conceivable, however, that the court upon inspection may find matter, the publication of which would be prejudicial to the public interest. In such case the statement would be privileged. It has always been and still is the rule that the defense has no right to go ‘ upon a tour of investigation, in the hope that they would find something which would aid them.’ (Arnstein v. United States [296 F. 946, 950].) When, however, it does appear that there is evidence in the possession or control of the prosecution favorable to the defendant, a right sense of justice demands *441 that it should be available, unless there are strong reasons otherwise.”
In People v. Marshall (5 A D 2d 352, 354, affd. 6 N Y 2d 823) the defendant on appeal complained that the trial court should have required the State Police to produce for his inspection their files, reports and statements. (There was no written statement by the defendant himself.) The court stated (pp. 354-355): ‘ ‘ The work sheets and files of an adverse party in a criminal or civil case will not ordinarily be made available to the other party. If a party has in court material which would itself be competent for admission as an exhibit in evidence if relevant, he may be required to produce it. * * * Even as to such potential exhibits there is under State practice some measure of discretion vested in the Trial Judge (People v. Miller, 257 N. Y. 54) and there must be some demonstration that there is ‘ evidence ’ in the possession or control of the prosecution ‘ favorable to the defendant ’. (People v. Walsh, 262 N. Y. 140, 150.) ”
In People v. Rogas (158 Misc. 567, 570) the statements of a defendant were ordered released to psychiatrists engaged by the defense. The court stated (p. 570): “A right sense of justice seems to decree that this is a proper occasion for the exercise by the court of its discretionary power. ’ ’ The procedure permitted in the Rogas case was referred to critically by the court in People v. Skoyec (183 Misc. 764, 767) which stated: “ To permit the defendant to inspect statements and confessions prior to trial, as a matter of course, as in People v. Rogas * * * would * * * be very prejudicial to the People’s case.” In People v. D’Andrea (20 Misc 2d 1070, 1077) the court stated it would grant a pretrial inspection of a confession “ (1) where the voluntary nature of the confession will become an issue, and (2) upon the assertion of a defendant that he does not remember the contents of his confession.” In addition the Judge held in effect that the written statement must be' of exculpatory value to the defendant before an inspection would be permitted.
In People v. Higgins (21 Misc 2d 94) the court denied the defendant’s application to examine statements made by him on the ground that the general rule is that a defendant has no absolute right to the inspection of evidence in the possession of the District Attorney and that when it appears that a demand for inspection is merely for exploratory purposes it should not be granted. The court went on to state (p. 96): “ There may be cases, however, where there are such unusual circumstances which might justify the granting of an inspection of a defend *442 ant’s statement, but in the absence thereof applications of that kind ought not to be granted.”
These typical samples show that no standard concept has been promulgated by the courts concerning the instant problem. It would be difficult, if not impossible, to enunciate a particular and definitive concept or controlling criteria applicable to all cases. Suffice it to say that justice should be the primary consideration in each case; justice which will serve the accused and not prejudice the rights of the prosecution. In deciding where justice lies in any individual ease there should be considered, inter alia, the specific purpose for which the defendant seeks an inspection of his written statement, his likelihood of being able to inform counsel of its general contents, whether it tends to exculpate him or to express his guilt, the danger of giving a defendant the opportunity to tailor a defense around his particular statement, and whether or not the request is for obviously exploratory purposes.
The defendant’s present application is based upon the affidavit of Mr. Engel, one of his counsel. It states that the defendant has been a deaf mute since birth and that prior to his arraignment before a Magistrate he made a written statement to the investigators. It further states that he was not represented by counsel at his preliminary arraignment before the Magistrate and “ That had the defendant been represented by counsel at the arraignment he would have been entitled to inspect the depositions taken on the information or on the examination and the statement of the defendant, pursuant to Sections 205 and 206 of the Code of Criminal Procedure.” The affidavit concludes that “ in order to properly represent the defendant ” it is necessary for his attorney to have the written statements of the defendant secured by the investigators, photographs taken by them, copies of the Coroner’s reports, depositions taken before the examining Magistrate and access to the premises where the crimes are alleged to have occurred.
Access to the premises was afforded defense counsel and an order permitting inspection of the Coroner’s reports has been signed heretofore. No order is necessary for a defendant to obtain depositions and statements taken before the arraigning Magistrate. (Code Crim. Pro., § 206.) These particular requests need no discussion.
The defendant is a deaf mute and has been since birth. However, he does not lack means of communication, being able to read and write and to converse in sign language. Upon his appearance in court he has been readily able to answer questions put to him through an interpreter. It is not claimed that defend *443 ant’s handicap has prevented him from summarizing what information he gave to the investigating officers or what his written statements to them generally contain. It is neither claimed that the written statements would tend to exculpate the defendant nor does a reading of the written statements so indicate.
Defense counsel urges that had the defendant been represented by counsel at arraignment he would have been entitled to the statements he now seeks to inspect. This conclusion is not borne out by customary procedure at preliminary examinations. The prosecution need only show that a crime was committed and that there is sufficient cause to believe the defendant guilty thereof. (Code Grim. Pro., § 208.) The prosecution usually establishes these facts without resorting to any written 11 confession ” of an accused.
Defense counsel’s statement that inspection is necessary “ to properly represent the defendant” is similar to the accused’s reasoning mentioned in People ex rel. Lemon v. Supreme Court (245 N. Y. 24, 34, supra) that “ the evidence will be helpful in preparing her defense ”, about which Chief Judge Cardozo wrote: ‘ ‘ This is to enlarge the remedy beyond anything permitted by analogy or precedent.”
The conclusion is reached that justice does not require the written statements of the defendant or the photographs taken by the investigators to be made available to defense counsel at this time.
Defendant’s application to inspect written statements obtained from him by the investigators and to inspect photographs taken by the investigators should be denied.