Raymond L. Wilkes, J.
Although ostensibly a motion by the defendant for a bill of particulars, this is in truth more in the nature of an application to achieve a rather comprehensive pretrial discovery and inspection, to say the least. But, in T. S. Eliot’s timeless prose:
‘ ‘ Between the idea And the reality
* * *
Falls the shadow.”
Yet, the endeavor upon the part of the defendant is so understandable, that it becomes virtually compelling upon the court to pass upon the substance, apart from the form, of his enterprise. As occurs so often in the law, the pedestrian has a tendency to generate the improbable, hence this no doubt unanticipated modest review of current law applicable to matters of like moment. It seems that one must engage in the discomfort of thought before indulging in the luxury of opinion now and then.
The defendant seeks the following “ particulars
1. Results of any chemical or other tests of the defendant. A true copy of the manual of operating instructions required to be used by the operator of the machine or equipment involved in the administration of the foregoing chemical test.
2. The serial or other identifying number of any machine or equipment used in the performance of the foregoing test.
3. Serial number and name of the manufacturer of the ampoule used in the administration of the chemical test.
4. The time or times when such chemical tests on the defendant were made, and the date or dates when such test or tests were made.
5. Written statements of the accused.
6. Transcripts of recorded statements of the accused.
7. Written statements of prosecution witnesses relating to matters covered in their testimony.
8. Transcripts of tape recordings of statements made by the accused and/or prosecution witnesses, if any.
9. Notes made by police officers of their conversations with the accused and with prosecution witnesses.
10. A true copy of any sobriety examination form completed by any prosecution witnesses showing the results of any physical, mental or other tests administered to the accused including any diagrams made in connection therewith and a specimen of the accused’s handwriting.
*521 The District Attorney has consented to provide the results of the chemical tests (part of item No. 1 above) and has voiced no objection to items Nos. 5 and 6.
In distillation, this motion presents for consideration the oft-discussed, various opinioned, and at times peremptorily dis-positioned issue, as to whether or not a defendant in a criminal prosecution is entitled to pretrial discovery, and if so, to what extent.
The trend in the past in other areas has been to order inspection of evidence in the possession of the District Attorney in the event the defendant made a proper showing therefor (People v. Chapman, 52 Cal. 2d 95), or indicated valid reasons for the need, either by stating the purpose for which the inspection was sought (Rosier v. People, 126 Col. 82) or showing relevancy (People v. Martinez, 15 Misc 2d 821) or materiality (State v. Gilliam, 351 S. W. 2d 723 [Mo.], cert. den. 376 U. S. 914).
Jurisdictions within the State of New York, however, have placed the burden upon the defendant to make a satisfactory showing that an inspection of evidence is necessary to the defense before allowing same (People v. Skoyec, 183 Misc. 764) and the reasons advanced by the defendant to justify such inspection must be more than mere desire to examine the People’s evidence (People v. Leahey, 26 Misc 2d 438; People v. Gatti, 167 Misc. 545; People v. Calandrillo, 29 Misc 2d 491). In this vein, it has been held that the defendant may not examine such evidence in the mere hope that he may discover something useful (People v. Wargo, 149 Misc. 461; People v. Marshall, 5 A D 2d 352, affd. 6 N Y 2d 823).
Disclosure has also been denied when the only reason advanced for seeking it, is the defendant’s inability to recall all the facts contained in a writing sought, unless allegations are made in connection with his illiteracy or mental capacity. (People v. Stokes, 24 Misc 2d 755.) Contrawise, it has been held that disclosure should not be denied solely to give the prosecution a tactical advantage or lay the basis for ‘ ‘ trial by ambush ”. (See Matter of Silver v. Sobel, 7 A D 2d 728.)
Of more recent times, though, there appears to have emerged a tendency to allow pretrial discovery in this State, provided it be shown that the exercise of such discretion by the court will, in the classic phrase, further the ends of justice. (People v. Miller, 42 Misc 2d 794.)
For example, in People v. Quarles (44 Misc 2d 955) pretrial disclosure of defendant’s written or transcribed state *522 ments w.as granted, since at the time of his arrest the defendant was without the assistance of counsel. In addition, Judge Stanley H. Fuld, now Chief Judge of our Court of Appeals, in People v. Malinsky (15 N Y 2d 86) held that a detective’s notes made in connection with the arrest of the defendant should be made available to defendant’s counsel where such notes bore a direct relationship to the officer’s testimony, and that the only exception to this would be something in the notes which must of necessity be kept confidential. It should be borne in mind, however, that this holding circumscribed the use of such items solely for the purpose of cross-examination.
Relative to the question of a defendant’s transcribed statements, Hon. Julius Heleand, Supreme Court, New York County, has held that they should not be granted to a defendant unless special circumstances are shown which warrant their disclosure (People v. Torres, 46 Misc 2d 264). Mr. Justice Heleand also denied the application for copies of statements made by codefendants, upon the ground that they are not admissible as competent evidence against the accused.
Our Court of Appeals in a most recent decision (People v. Remaley, 26 N Y 2d 427) held that it was error to withhold from the defendant a copy of his statement until his Huntley hearing, concluding that his attorney should have been provided with a copy prior thereof. The court said (p. 429): “ Even if the accused acknowledges that he freely made the statement, its examination m'ay be essential since its impact upon guilt may depend upon the way in which the facts are set forth ”. This would appear to indicate that a defendant is entitled to such statements whether or not a Huntley hearing is sought.
Wh'at seems to emerge then, with a somewhat Ariadne thread of continuity from case law at hand, in the absence of categorical appellate mandate relative to pretrial discovery in criminal matters is, in substance, the following :
A defendant is entitled to a copy of his statements given to police regardless of any showing of circumstances requiring ■same for his defense. However, with respect to all other items of evidence sought by way of discovery and inspection, they are within the realm of judicial discretion, and such discretion has been invariably exercised favorably to a defendant, upon a showing by him that the items sought are required in order that he may, needless to say, despite occasional exceptions, obtain a fair trial. This, in sum, has quite generally been the pragmatic daily practice in the courts of this State for some time.
In order to achieve some measure of insight into legislative *523 intent relative to matters of this nature, it does something less than harm to examine the new Criminal Procedure Law (L. 1970, ch. 996) which takes effect September 1, 1971. It appears that the Legislature saw fit to provide that discovery may be had of a written or recorded statement made by the defendant to any public servant engaged in law enforcement activity. This would apply to written confessions, transcribed questions and answers, or tape recordings of such conversations. It would also apply to the recorded answers of the. defendant given in an interview report form. Under the new Criminal Procedure Law these items must be subject to an order of discovery. (§ 240.20, subd. 1, par. [b].) Section 240.20 (subd. 2) provides that the following property falls into the area which is discretionary with the court; reports and documents, physical, mental and scientific tests. In the area of exempt property section 240.10 (subd. 3), includes internal work papers of the District Attorney and police department and records of statements made to the District Attorney or police by witnesses or prospective witnesses in the case. Such are the signposts along the path of the future!
In view of the foregoing, the defendant’s motion for a bill of particulars is granted as follows:
(a) Item No. 1 is granted solely to the extent of requiring that the results of any chemical tests shall be supplied to the defendant. The remainder of item No. 1, as well as items Nos. 2, 3, and 4 'are denied without prejudice, predicated upon a showing of need.
(b) Items Nos. 5 and 6 are granted without opposition.
(c) Items Nos. 7, 8, and 9 are denied without prejudice to further application during trial (see People v. Malinslcy, supra).
(d) Item No. 10 is granted solely to the extent of requiring the People to furnish the defendant with a copy of any sobriety examination, but is otherwise denied.
In sum, the District Attorney is hereby directed to furnish the defendant with copies of written statements made by him together with copies of transcripts or recorded statements, if any, as well as the results of the chemical test and sobriety examination.
The particulars granted herein shall be furnished to the attorney for the defendant within 30 days from the date hereof.