Vito J. Titone, J.
In these two prosecutions of public *276 servants inter alia for bribe receiving in the second degree (Penal Law, § 200.10), arising out of the same investigation, each defendant moves: (1) for an audibility hearing of a tape recording made of a conversation or conversations he had with a person acting under the direction of a law enforcement officer; (2) for a scientific test of the tape or tapes; and (3) for a transcript of the recording.
The minutes of the grand jury proceeding reveal that after the recording was played for the jurors, one of them complained that he did not understand a portion of the tape and that part of the written transcription pertaining thereto. In response, the District Attorney stated: "Actually what has to be done is to sit alongside of the machine for an extended period of time and play it over and over again. Otherwise it is almost impossible. "(Emphasis added.)
From the afore-quoted remark, it is evident that the District Attorney, with commendable honesty and candor, admitted that even with the aid of a written transcription, neither he nor members of his staff would have been able to grasp the thrust of the tape’s contents unless they devoted their utmost concentration and attention to it, and replayed it a number of times over a prolonged period of time. The statement is extremely significant and enlightening in view of the fact that the recording was made under the auspices and direction of persons in the criminal investigation field, and furnished the District Attorney well in advance of his presentment of such evidence to the Grand Jury. In passing, the court also notes from its experience that such recordings are often difficult to understand because of background noises, distortions, garbled remarks, etc.
Thus, if the District Attorney requires extensive and time consuming efforts to prepare its case from a recorded conversation of a defendant, either with a law enforcement officer, or with a person under the direction of such official, then it follows that the defendants and their counsel would experience the same difficulty. Yet, under procedures established under People v Rosario (9 NY2d 286), normally a defendant and his attorney are not given access to a pretrial statement of a People’s witness until after the District Attorney concludes his direct examination of such witness.
However, in the instant situation, where concededly the contents of the tape are difficult, and perhaps even impossible, to fathom at first blush, it would be decidedly unfair and a *277 perversion of justice to impose additional pressures at the trial upon the defendants and their counsel, by limiting their right to hear and decipher the recording, to some brief interlude between direct and cross-examination.
A trial of a criminal action is neither a war nor a friendly joust but a civilized method of determining the guilt or innocence of an accused. Such being so, neither party should have a tactical advantage, either in the preparation of its case or in the introduction of evidence (cf. People v Utley, 77 Misc 2d 86; People v Blair, 64 Misc 2d 519, 521).
Furthermore, the doctrine of stare decisis was conceived to make the law stable yet flexible, not to render it sterile and immutable. Under such doctrine, a defendant’s substantive right in a criminal trial should not be diluted or rendered nugatory by the rigid application of a procedure instituted for the very purpose of making the substantive right operative.
Therefore, the motions herein are granted. The People shall permit each defendant and his attorney to hear the portion of the original recording pertaining to such defendant, not less than 15 days before trial, and to have scientific tests performed as to the integrity of such tape. The People shall also furnish each defendant’s attorney with a transcript of the relevant portion not less than 15 days before trial (see People v Steinman, 44 AD2d 839). The court also directs that in order for each defendant and his attorney to have the utmost opportunity to prepare for trial, and also conduct a thorough cross-examination of the other participant to the recorded conversation, that the People furnish each defendant’s attorney with an accurate and audible facsimile of that portion of the original tape which pertains to his client, not less than 15 days before trial.