THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v* JOHN WARGO and Another, Defendants.

Supreme Court, Erie County, November 13, 1933.

*Walter C. Newcomb, District Attorney*, for the People.

*Guy B. Moore* and *Charles F. Blair*, for the defendant Agnes Zvezdovics.

HINKLEY, J. The indictment herein charges both of the defendants with the crime of murder, first degree.

The one defendant, Zvezdovics, asks relief under two motions: *First*, for a separate trial, and *second*, for an inspection and permission to translate certain alleged incriminating letters now in the possession of the People and claimed by them to have been written by the moving defendant to her codefendant.

The motions are made upon affidavits of assigned counsel for the moving defendant. These affidavits must be taken at their face value as no objection was made thereto nor were their contents controverted by opposing affidavits. No notice of the motions was given to the counsel for the defendant Wargo nor was there any appearance upon his part.

The court will first consider the motion of the woman defendant, Zvezdovics, for a separate trial. Public opinion in its concept of collective and individual rights and demands has altered at different times the right of separate trials of defendants jointly indicted. The common law vested the right of separation in the court. The Legislature in the year 1829 gave to any defendant, upon request, an absolute right to a separate trial. This remained until July 1, 1926. (*People* v. *Doran*, 246 N. Y. 409, 424.) The abuse of that right and a popular demand for more drastic treatment of persons charged with crime caused the Legislature to take from a joint defendant his right of separate trial and reinvested the determination of that right · in the court. (Code Crim. Proc., § 391.) This discretion is now vested in the trial court. The appellate court will not substitute its discretion for that of the trial court nor suffer interference save in correcting an abuse. (*People* v. *Fisher*, 249 N. Y. 419, at p. 424.) The test is the twofold consideration that obtains in the administration of all criminal law — speedy punishment of the guilty with a due regard for the right of the accused to a fair trial. The trial court can do no more than exercise a reasonable anticipation on the facts disclosed. The right of an appellate court to determine whether the various prophecies have been fulfilled has thus far, for obvious reasons, been limited to those instances where the trial judge has denied the right of separation.

The defendants are jointly indicted under language which charges both defendants with having actually participated in the slaying of the husband of the defendant Zvezdovics. The facts disclose, however, that the defendant Wargo was the actual killer. Upon arrest he made a written confession in which he charged that the moving defendant, the woman Zvezdovics, aided, abetted, counseled and urged him to commit the deed in order to carry on the alleged illicit relations of the two defendants. The moving defendant did not, in this instance, make a written confession. The case of *People* v. *Snyder* (246 N. Y. 491) is not a parallel to this case. In that case the defendants each made written confessions and testified upon their joint trial to facts implicating the other. The People upon that trial occupied a position most frequently encountered in civil actions in modern times. A plaintiff passenger in one automobile having sued two drivers sits idly by during the trial while the two defendants, booted and spurred, dash at each other, generally to the resultant damage of both. Where the stakes are human lives, the contest should not degenerate into a battle of wits.

The sacred right of this defendant woman to a fair trial demands,

in this instance, the separation of her trial from that of her codefendant. The reason lies in the fact of the intensely antagonistic interests of the two defendants, the fact that the woman did not actually participate in the killing, the fact that the man confessed and the woman did not and the possible and perhaps probable fact that without the improper effect upon a juror's mind of the confession of the man, a conviction could not be had of the woman. After the selection of a jury the district attorney, as was indicated upon the oral argument, might call the defendant Wargo as his witness. The confession of that witness would still be proper evidence upon the trial *only against him* while his testimony would be proper evidence against both. Theoretically easy, it is practically difficult for any court to properly instruct a jury upon these important phases of the case. Across that bridge lies the inability of any ordinary juror to grasp and obey such instructions. Upon a joint trial either defendant might easily, in his or her own interest, deprive the other of all right to peremptory challenge. (*People* v. *Fisher*, 249 N. Y. 419, at p. 425.) Even though there may be basis for the contention that no one of these reasons is sufficient, yet in the aggregate they control the discretion of a trial judge whose practical experience has witnessed their soundness. They minimize to almost nothing the popular demand for greater speed, economy and convenience in the administration of the law at the sacrifice of justice to the individual. The trial of petty cases in the Supreme Court can very well yield sufficient time for separate trials in a proper case such as this which must be classed as the most important of all litigations because, upon its outcome, is dependent the guaranteed and inalienable right of human life.

The second motion of the defendant Zvezdovics asks for the inspection with the privilege of interpretation of certain alleged incriminating letters claimed to have been written in the Hungarian language by the moving defendant to the defendant Wargo. There is no authority in this State to prevent a trial court in a proper case from granting to a defendant an inspection of primary evidence against him. The case of *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24, at p. 33) left open the question of the right of inspection in criminal cases. The case of *People* v. *Walsh* (262 N. Y. 140, at p. 149) while also limiting its decision did establish the right of a defendant upon trial to require that the People produce a written document in their possession which might be favorable to the defendant. The following principles were enunciated in the opinion in that case: " It has always been and still is the rule that the defense has no right to go ' upon a tour of investigation, in the hope that they would find something which would aid them,' " and " ' The state

has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons.' * * * When, however, it does appear that there is evidence in the possession or control of the prosecution favorable to the defendant, a right sense of justice demands that it should be available, unless there are strong reasons otherwise.''

The court is under a duty to compel the production of competent documents at the very moment they are called for by counsel for the defendant when the circumstances of the case make them presently important. (*People* v. *Miller*, 257 N. Y. 54, at p. 59.)

The following circumstances make the letters in question presently important at this time in order that the defendant may properly prepare for trial expert evidence as to their authenticity. The letters would not be competent evidence upon the part of the defendant but only upon the part of the prosecution. No harm can be done to the State by permitting the defendant the right of inspection. On the other hand, these letters are written in a foreign language. The language employed may not only be colloquial but may also call for a clear understanding of some unfamiliar dialect. The difficulty of such interpretation is apparent to any one familiar with modern court procedure. The defendant Zvezdovics should be granted the right of such inspection and privilege of interpretation.

Orders may be entered in accordance with this opinion.