Edward M. O’Gorman, J.
The defendant has heen indicted and charged with the crimes of kidnapping, robbery in the first degree, rape in the first degree, grand larceny in the first degree, and assault in the second degree, and is awaiting trial. He moves for an order directing delivery to his attorney forthwith of copies of certain statements characterized in defendant’s supporting affidavit as 1 ‘ two involuntary and incriminating statements now held by the prosecution ’ ’.
Defendant submits his short affidavit to the effect that he was arrested a number of days after the alleged crimes were committed, without a warrant, and was thereafter questioned at the Newburgh Police Station and the barracks of the New York State Police at New Windsor, and again at the Newburgh Police Station; that he demanded the right to see counsel, which right was refused to him, and that under those circumstances he was induced and forced to sign two involuntary and incriminating statements now held by the prosecution; that only after so doing was he arraigned in the Newburgh City Court.
The People oppose the application, on the ground that this court has not got the power to grant such a pretrial inspection of defendant’s statements. No affidavit has been submitted on behalf of the People controverting the defendant’s affidavit.
The question here presented is whether the court has the power to grant the defendant a pretrial examination of his statements which are now in the hands of the prosecution, under the circumstances set forth in the foregoing affidavit.
The history of pretrial discovery and the principles involved were set forth in the leading case of People ex rel. Lemon v. Supreme Court (245 N. Y. 24 [1927]). In this case pretrial discovery of a codefendant’s statement was not granted, but situations in which it might be granted were alluded to by the court.
Decisions which have granted pretrial inspection of evidence in the hands of the prosecution may generally be grouped as follows;
*736 1. The defendant’s statements were involved in the subject matter of the charge against him. (People v. Kresel, 142 Misc. 88 [1931]; People v. Radeloff, 140 Misc. 690 [1931]; People v. Abbatoy, 21 Misc 2d 576 [1960].)
2. The defendant has been granted a pretrial inspection based upon the assumption of a supervisory jurisdiction over the acts of public prosecutors. (People v. Buchalter, 29 N. Y. S. 2d 621 [1941].)
3. a. The defendant has been permitted to examine physical evidence, such as fingerprints on a gun, or distinctive markings on guns and bullets. (People v. Terzani, 149 Misc. 818 [1933] [fingerprints]; Matter of Hughes v. Kings County Court, 181 Misc. 668 [1943] [ballistics].)
b. Independent scientific reports have been examined. (People v. Preston, 13 Misc 2d 802 [1958] [autopsy report].)
c. Documents requiring scientific translation have been examined. (People v. War go, 149 Misc. 461 [1933].)
d. People v. Rogas (158 Misc. 567 [1936]), in which a defendant was permitted pretrial examination of his confession to enable experts to determine from the contents thereof the sanity of the defendant. (But, see, contra, People v. Skoyec, 183 Misc. 764 [1944].)
Cases in the first group have long constituted an historical exception to the common-law rule which denied pretrial discovery. In the language of People ex rel. Lemon v. Supreme Court (supra) where u the document to be examined was the very subject of the cause ”, a pretrial examination would be permitted. These cases seem amply justified by the requirement that a defendant be fully informed of the charge against him. (People v. Kresel, supra [defendant’s testimony — perjury indictment]; People v. Radeloff, supra [retainer agreement — extortion]; People v. Abbatoy, supra [defendant’s statement —perjury indictment].)
The second group involves the illegal seizure of defendant’s documents by the prosecution to redress, which defendant has no adequate remedy. The court grants pretrial examination pursuant to its supervisory jurisdiction. (See People ex rel. Lemon v. Supreme Court, supra, p. 31; People v. Buchalter, supra.)
The remaining four groups of eases, although involving different situations and different types of evidence, seem to rest on the same fundamental principle. This principle may be stated as follows: Where there is evidence in the hands of the prosecution which is of such a nature as to require lengthy *737 examination by experts to determine whether it is favorable to the defendant, the court will afford to the defendant an adequate opportunity, pretrial, to examine the evidence, in the interest of justice and to avoid delay at the trial. Such a policy is a logical corollary of the doctrine of People v. Walsh (262 N. Y. 140 [1933]) and is applicable to those special cases in which the opportunity for the examination of the prosecution’s evidence at the trial by the defendant would be inadequate. For example, in a case involving markings on a bullet, an expert must first examine the bullet before the markings can be determined to constitute favorable or unfavorable evidence for the defendant. If the fatal bullet did not come from defendant’s gun, he should not be denied that favorable evidence. The inquiry, however, requires experts, and time may not be available at the trial for a thorough scientific examination.
This is also true of fingerprints ánd similar markings. (See People v. Terzani, supra [fingerprints]; Matter of Hughes v. Kings County Court, supra [ballistics].)
The same principle requires pretrial opportunity for defendant’s experts to examine scientific reports. The experts have a full opportunity to study, and a lengthy interruption of the trial is avoided. (People v. Preston, supra [autopsy report].)
The same principle was applied in People v. Wargo (supra) in which the court granted a pretrial examination of letters in a foreign language because their adequate translation required interpreters skilled in the language, and possibly skilled in a special dialect.
A similar principle underlies People v. Rogas (supra) in which the defendant was permitted a pretrial examination of his < onfession. The court based its decision on the ground that it was done in order to enable scientific experts to determine from t he contents thereof the sanity of the defendant.
Turning once again for guidance to the landmark case on this subject, People ex rel. Lemon v. Supreme Court (245 N. Y 24, supra) we find Judge Cardozo suggesting that pretrial inspection of a defendant’s confession might be granted so that he might have an opportunity to prove that the signature on the x urported confession was a forgery. It is submitted that such h case does not require the extension of the theory of pretrial r- camination beyond the results reached in the cases cited above. A forgery case would require expert testimony and opportunity f-ir defendant’s experts to examine the documents pretrial.
In the case at bar, there is no claim that the statements sought h i be examined are favorable to the defendant. On the contrary, *738 the defendant characterizes them as incriminating. He claims, however, that they were involuntarily extracted from him, and for that reason he seeks the right to inspect them.
No case has been cited which grants the right to a pretrial examination of a defendant’s statement for such a purpose. People v. D’Andrea (20 Misc 2d 1070) did not grant the defendant such an examination, but directed the District Attorney to furnish the court with a copy of defendant’s statement pending the court’s further order.
The same court has denied the defendant the right to a pretrial examination of his statements in the hands of the prosecution. (People v. Higgins, 21 Misc 2d 94 [1960]; see, also, State v. Tune, 13 N. J. 203.)
If a statement of the defendant was made under the influence of fear produced by threats, or was made upon a stipulation of the District Attorney that he shall not be prosecuted therefor, it is not admissible in evidence against him. (Code Grim. Pro., § 395.)
The defendant will be afforded a preliminary hearing upon the trial as to the voluntary nature of his statements. This is a safeguard customarily relied on by the courts to exclude involuntary statements.
The evidence to be produced at this preliminary hearing does not require that the defendant refresh his recollection now as to the contents of these statements, nor has the court the power to show him the statements so that he may gather evidence to counterbalance their contents.
In the language of People ex rel. Lemon v. Supreme Court (supra, pp. 28-29), “ even in civil cases * * * Documents are not subject to inspection for the mere reason that they will be useful in supplying a clue whereby evidence can be gathered ”.
At the trial, before the statements may be offered in evidence against the defendant, he will be given an opportunity to inspect their contents. The defendant argues that it would be the better and more enlightened practice to grant a pretrial inspection in this case, in the interest of putting the defendant and the prosecution on a more equal footing. It would seem that this long stride toward a new practice should, in the absence of precedent, be taken in the first instance by the Legislature.
I have examined the statements. It is my conclusion that, on the facts in this case, the application for a pretrial inspection of defendant’s statements must be denied. Submit order.