Hyman Barshay, J.
The defendant, who with four others, was indicted for murder in the first degree, moves for a pretrial inspection or copies of any statements made by him to any police officer or Assistant District Attorney at the time of his arrest. The homicide is alleged to have occurred on December 2,1959. The defendant was arrested on that day and questioned by the police and Assistant District Attorney orally and steno-graphically. He was arraigned in the Felony Court on the 3d of December, 1959. The first record appearance of counsel was on December 7, 1959, at which time counsel complained to the Magistrate that the defendant “ was compelled to make an involuntary statement against his will by means of fear induced *220 by threats, by duress, both mental and physical, by force and by brutality.” The defendant was arraigned on this indictment in the County Court on December 21, 1959. The affidavit in support of this motion sworn to on April 13, 1960, was made by counsel and not by the defendant. Counsel alleges among other things that this application is made not for the purpose of prying into the People’s case or for exploratory purposes but because of the unusual circumstances present in this matter and because the defendant has informed him that he, the defendant, cannot remember all the questions put to him and the answers he made.
This motion is necessarily addressed to the discretion of the court. The courts in this and other jurisdictions have indicated a trend to pretrial discovery in criminal cases. (People v. Rogas, 158 Misc. 567; People v. D'Andrea, 20 Misc 2d 1070; State v. Johnson, 28 N. J. 133; Matter of Tune, 230 F. 2d 883 [C. C. A. 3d].) In People v. D’Andrea, a similar application was granted to the extent of directing the prosecution to submit to the court, the statements of the defendant for its own examination. In People v. Higgins (21 Misc 2d 94, 96) I denied an application for pretrial discovery saying: “ There may be cases, however, where there are such unusual circumstances which might justify the granting of an inspection of a defendant’s statement, but in the absence thereof applications of that kind ought not to be granted.” In People v. Stokes (24 Misc 2d 755) an application was made by the defendant, under indictment for murder in the first degree, for permission to inspect pretrial, certain written statements made by him to law enforcement authorities. In that case, the homicide occurred nine years before the defendant’s arrest. The question before Judge Geller was whether or not the court had the power to order pretrial disclosure of such statements and, if so, whether there appeared sufficient grounds to warrant such disclosure. After reviewing the leading authorities, commencing with People ex rel. Lemon v. Supreme Court (245 N. Y. 24), he set forth reasonable standards which ought to be met by applicants for examination of pretrial statements (p. 762): “ A mere assertion by counsel that a defendant cannot recall his statement is not enough. There must be an affidavit by the defendant to that effect with adequate factual support. To establish such claimed inability of recollection a defendant, in addition to giving the facts and circumstances surrounding the taking of his statement, should show the time elapse since the giving of the statement or any other facts which may tend to generally support his contention, such as the length of the statement, his illiteracy or mental incapacity, if any, that the state *221 ment was made through an interpreter, that he was subjected to coercion, misrepresentation, deceit, intimidation through fear or otherwise, or that he was not in adequate control of his faculties because for example, he was under the influence of alcohol or narcotics. * * * On the basis of such a showing the court will be better able to determine whether directing discovery will further the ends of justice.” Judge Geller denied the application because of the failure of the defendant to meet the aforesaid standards. The affidavit in support of this motion does not meet the reasonable standards set forth in People v. Stolces (supra). In the absence of legislative mandate or appellate court decisions, this court is not ready to embrace a practice of turning over statements of defendants in advance of trial merely upon request. If any statement of the defendant inculpatory or exculpatory, will be offered at the trial and I find that it is admissible, I will give it to the defendant in ample time to adequately protect his rights. Motion denied.