■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN McHUGH, Appellant.— Judgment convicting defendant of sodomy and associated crimes, unanimously reversed, on the law and on the facts, and a new trial ordered. The proof of guilt of defendant was established beyond a reasonable doubt. Nevertheless, we are required to direct a new trial because of errors which affected the substantial rights of defendant and may not be classified as technical errors or defects within the meaning of section 542 of the Code of Criminal Procedure. It was error for the trial court, at the behest of the District Attorney, to refuse to permit the defense to inspect those portions of defendant's statements not offered in evidence by the People unless the defense introduced them in evidence. Counsel for defendant was entitled

to inspect the statements unconditionally. (*People* v. *Brown,* 2 A D 2d 202; 23 C. J. S., Criminal Law, p. 200, note 78.) Moreover, the trial court should have excluded the prejudicial and incompetent matter contained therein. (*People* v. *Loomis,* 178 N. Y. 400.) We are not required to decide whether the doctrine of *People* v. *Rosario* (9 N Y 2d 286), announced some eight months after the instant trial, is applicable since the ruling called for was governed by the rules of evidence to which we have adverted. (See, generally, *Smith* v. *Rentz,* 131 N. Y. 169; 151 A. L. R. 1008, 1017, 1019.) Since the case must be retried, the District Attorney is cautioned to avoid the practice of making himself an unsworn witness and arguing his veracity and reputation and that of the police as issues. (*People* v. *Lovello,* 1 N Y 2d 436.) Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.