Julius Helfand, J.
Defendant, under indictment for murder in the first degree, moves for a bill of particulars as to four items. The Distinct Attorney has consented to furnish the particulars requested in Items 1 and 2. Item 3 asks “ Whether the District Attorney, upon the trial of the indictment herein, intends to present any admission, written or oral, alleged to have been made by the defendant, in evidence against him; and if so, whether the said admission, confession or statement was made by said defendant freely and voluntarily, without any influence, fear or physical coercion whatever.
In the affidavits in support of the motion by the attorneys for defendant (there is no affidavit by the defendant himself), it is stated that Ijhe foregoing information should be supplied because “ in all fairness the defendant should be appraised [sic] of such intention so that he may marshall the appropriate evidence to meet this issue. The defendant is a native of Puerto Rico and experiences difficulty in communicating in the English language and, being of tender years, is ill equipped to recall all that has happened to him from the time of arrest. ’ ’
In People v. Stokes (24 Misc 2d 755), an application was made on behalf of the defendant, under indictment for murder in the first degree, for permission to inspect, pretrial, certain written statements made by him to law enforcement authorities. After reviewing the leading authorities dealing with the subject of pretrial discovery in criminal cases, the court set forth certain standards which ought to be met in applications for pretrial examination of statements made by defendants. The court said (p. 762) that:
‘ ‘ A mere assertion by counsel that a defendant cannot recall his statement is not enough. There must be an affidavit by the defendant to that effect with adequate factual support. To establish such claimed inability of recollection a defendant, in addition to giving the facts and circumstances surrounding the taking of his statement, should show the time elapse since the giving of the statement or any other facts which may tend to generally support his contention, such as the length of the statement, his illiteracy or mental incapacity, if any, that the statement was made through an interpreter, that he was subjected to coercion, misrepresentation, deceit, intimidation through fear or otherwise, or that he was not in adequate control of his faculties because, for example, he was under the influence of alcohol or narcotics.
*503 ‘ ‘ Furthermore, a defendant should establish, as indicated, the respects in which pretrial discovery of the statement is necessary for his preparation for trial. On the basis of such a showing the court will be better able to determine whether directing discovery will further the ends of justice.”
To the same effect see People v. Buccanfuso (25 Misc 2d 219) and People v. Carothers (24 Misc 2d 734). In the latter case, in denying the motion, the court added (p. 738) that:
“ If a statement of the defendant was made under the influence of fear produced by threats, or was made upon a stipulation of the District Attorney that he shall not be prosecuted therefor, it is not admissible in evidence against him. (Code Grim. Pro., § 395.)
‘ ‘ The defendant will be afforded a preliminary hearing upon the trial as to the voluntary nature of his statements. This is a safeguard customarily relied on by the courts to exclude involuntary statements.
‘ ‘ The evidence to be produced at this preliminary hearing does not require that the defendant refresh his recollection now as to the contents of these statements, nor has the court the power to show him the statements so that he may gather evidence to counterbalance their contents.
“ In the language of People ex rel. Lemon v. Supreme Court ([245 N. T. 24] 28-29), ‘ even in civil cases * * * Documents are not subject to inspection for the mere reason that they will be useful in supplying a clue whereby evidence can be gathered ’.
‘ ‘ At the trial, before the statements may be offered in evidence against the defendant, he will be given an opportunity to inspect their contents. The defendant argues that it would be the better and more enlightened practice to grant a pretrial inspection in this case, in the interest of putting the defendant and the prosecution on a more equal footing. It would seem that this long stride toward a new practice should, in the absence of precedent, be taken in the first instance by the Legislature.”
In Item 4, defendant requests information “ Whether the District Attorney caused the clothing of the defendant, which he was wearing at the time of his arrest, to be confiscated, examined, tested, physically or chemically, and Avhether the said District Attorney presently retains said clothing and the results of any such tests made.”
In the affidavits in support of the motion by defendant’s counsel, it is stated that, according to the defendant, the clothing worn by him at the time of his arrest was taken from him by the police and has not been returned; that there was *504 “ some stain ” on this clothing ‘ ‘ which, in view of the alleged confiscation leaves only the conclusion that the said clothing was confiscated as a link in the People’s evidence against him.”
The court is inclined to grant the particulars requested in Item 4 but only to the extent of requiring the District Attorney to state whether the clothing worn by defendant at the time of his arrest was confiscated, and if so, whether it was chemically or physically examined and tested. If it should appear that it was, it is the court’s considered opinion that defendant should then be afforded the opportunity, pretrial, also to conduct a chemical analysis or any other scientific test of the clothing.
A defendant has been permitted to examine physical evidence such as fingerprints on a gun, or distinctive markings on guns and bullets (People v. Terzani, 149 Misc. 818 [fingerprints]; Matter of Hughes v. Kings County Ct., 181 Misc. 668 [ballistics]). Examination has been permitted of independent scientific reports (People v. Preston, 13 Misc 2d 802 [autopsy report]); and of letters in a foreign language because their adequate translation required interpreters skilled in the language, and possibly skilled in a special dialect (People v. War go, 149 Misc. 461). The principle upon which such examinations have been permitted is succinctly stated in People v. Carothers (24 Misc 2d 734, 736-737, supra) as follows: “ Where there is evidence in the hands of the prosecution which is of such a nature as to require lengthy examination by experts to determine whether it is favorable to the defendant, the court will afford to the defendant an adequate opportunity, pretrial, to examine the evidence, in the interest of justice and to avoid delay at the trial. Such a policy is a logical corollary of the doctrine of People v. Walsh (262 N. Y. 140 [1933]) and is applicable to those special cases in which the opportunity for the examination of the prosecution’s evidence at the trial by the defendant would be inadequate.” (Emphasis supplied.)
To summarize: as to Items 1 and 2 the motion is granted on consent; it is denied as to Item 3; and granted to the extent hereinbefore indicated as to Item 4.