Robert E. Dempsey, J.
Defendant is presently under indictment for the crime of driving while intoxicated and vehicular homicide, arising out of his alleged operation of a motor vehicle on April 4, 1965. He moves for discovery and inspection of the hospital records of the decedent, Anna Russo, who after the accident was confined at the United Hospital, Port Chester, N. Y. from April 4,1965 to April 21, 1965, the date of her death.
The affidavit of defendant’s attorney alleges that the cause of her death, according to the Medical Examiner, was a massive pulmonary embolus (blood clot), resulting from a fracture of a leg; that consultations have been held with various physicians on the issue of causal relationship, wherein the medical experts opined that the clot might well have formed from causes unrelated to the fracture; and that the hospital records would have to be closely examined in order to formulate a sound conclusion. On this basis the defendant seeks the production of the complete 17-day hospital record for submission to a medical expert in advance of trial, The District Attorney opposes the motion.
.. There is no statutory authority for permitting discovery and •'inspection by a defendant in a criminal case. In People ex rel. Lemon v. Supreme Court (245 N. Y. 24, 32) Chief Judge Cabdozo explicitly recognized the absence of such relief in criminal proceedings and advanced the proposition that the courts might have inherent power “ to compel the discovery of documents in furtherance of justice ”, Recent case law clearly establishes the inherent power of a court to direct discovery and inspection in criminal actions. The problem is: under what circumstances should such relief be granted? It has been said that there is a gradual trend toward an ‘ evolving practice of liberal discovery in criminal cases ’ ”. (People v. Courtney, 40 Misc 2d 541, 543.) Certainly, however, the practice in New York is far less liberal than in the Federal courts. No general rule has as yet emerged from the cases decided in New York other than the principle that each case must of necessity rest upon its particulars and should be allowed only when injustice might result should the relief be denied.
This is not to say that certain relatively specific rules have not emerged. One such guidepost was enunciated in People v. Carothers (24 Misc 2d 734) and quoted (with underscoring supplied) in People v. Roldan (42 Misc 2d 501, 504) “ Where there is evidence in the hands of the prosecution which is of *435 such a nature as to require lengthy examination, by experts to determine whether it is favorable to the defendant, the court will afford to the defendant an adequate opportunity, pretrial, to examine the evidence, in the interest of justice and to avoid delay at the trial.” An autopsy report was considered an example of a record falling into this classification in Garothers where the court said at page 737: ‘1 The * * * principle requires pretrial opportunity for defendant’s experts to examine scientific reports. The experts have a full opportunity to study, and a lengthy interruption of the trial is avoided. (People v. Preston, [13 Misc 2d 802] supra [autopsy report]) ”. In a proper case, a hospital record may well be analogous to an autopsy report with respect to its relevancy to the defense.
Here, considering the relatively lengthy period of time between the accident and the death of the decedent and the medical issue raised as to causal relationship, the court finds that the defendant has alleged sufficient facts to warrant an examination of the hospital record. The defendant need not show in advance that the records sought will in fact prove to be favorable to the defendant. (People v. Powell, 49 Misc 2d 624.) Although “fishing expeditions” are improper, in situations similar to the case at bar such a rule would absolutely preclude a defendant from obtaining proper relief.
One further legal question should be noted, although the District Attorney does not raise the issue in this case; viz., should the production of the hospital record be denied under CPLR 4504 as a privileged communication. In People v. Preston (13 Misc 2d 802; writ of prohibition denied sub nom. Matter of Silver v. Sobel, 7 A D 2d 728) the District Attorney claimed this privilege as to a hospital record under the pertinent statute (then Civ. Prac. Act, § 352). The court held (p. 814) that “ under no circumstances may the People invoice the physician-patient privilege.” The court concurs. The hospital record of the decedent, Anna Russo, is subject to subpoena and inspection, limited only by the limited proscription as to matters which wuuld tend to affect the memory of the decedent (subd. C). Accordingly, the court directs that the defendant subpoena the record of the United Hospital, for delivery to the court. The defendant will then be afforded the opportunity of examining the records under supervision by the court. (See People v. Wilson, 17 Misc 2d 349.)