John J. Walsh, J.
The indictment herein was found on the 11th day of February, 1969, charging the defendants with a violation of section 200.10 of the Penal Law. It is alleged in said indictment that the defendants, while acting together and in concert and each being the accomplice of the other, did solicit and agree to accept from persons having an interest in the firm of Carucci Bros. Sanitation Service, a benefit, to wit, money, upon an agreement or understanding that in connection with a garbage collection contract, the action, decision or exercise of discretion of the defendant, Nassar, as a public servant, to wit, Corporation Counsel of the City of Utica and a member of the Board of Contract and Supply of said City of Utica would thereby be influenced.
Previous motions made by the defendants were granted in part (59 Misc 2d 1034) and as a result thereof, the defendants have received transcripts of the original tape recording of a single telephone conversation between Angelo Carucci and the defendant Nassar which was received in evidence before the Grand Jury and upon which, in part at least, the indictment was founded. The defendants also received that portion of the stenographic minutes of the Grand Jury testimony relating to the recording of the conversation.
Based upon that testimony which disclosed that in addition to the conversation presented to the Grand Jury, there were other taped telephone conversations between the same parties, which were not presented to that body, the defendants seek to discover and inspect “ all transcripts of any recorded telephone conversations between Angelo Carucci and defendant Fred Nassar, which recorded telephone conversations were not presented as evidence to the Grand Jury, but which are in the possession of The People of the State of New York.”
The prosecution opposes this motion on the ground that, “ There is no legal basis of the discovery and inspection of any such telephone conversations, particularly in view of the fact *29 that defendants have failed to set forth any facts to establish that such conversations, if any, were not legally overheard.”
The New York Penal Law forbids electronic eavesdropping and wiretapping without a court order, but explicitly excepts circumstances in which one party consents (§§ 250.00, 250.25).
Although the defendants claim in their moving papers that such conversations were recorded without first obtaining an eavesdropping warrant pursuant to statute and were therefore illegal and incompetent evidence and violated the defendants’ constitutional rights, this motion to inspect does not depend upon whether the recordings were legally or illegally obtained but rather whether such recordings are actually in existence and should be made available to the defendants under some principle of due process.
The reasons advanced by the defendants for inspection are first, that although not presented to the Grand Jury such other recordings may be offered at the time of trial; second, that such recordings “ may tend to establish the innocence of the defendants and third, that such recordings “ may tend to explain, clarify or change the inferential import of the two isolated telephone conversations which were selected and chosen to be presented before the Grand Jury.”
The paucity of opinions on this particular question requires some explanation of the decision arrived at here.
The court has inherent power to direct discovery and inspection in criminal cases and each case must rest upon its own particulars and discovery should be allowed only where injustice may result should relief be denied. (People v. Christiano, 53 Misc 2d 433.)
‘ ‘ In deciding where the justice lies in any individual case there should be considered, among other things, the specific purpose for which the accused seeks discovery and inspection, his likelihood of being able to inform his counsel of its character and capabilities, whether the physical evidence tends to exculpate him, the danger of giving the accused the opportunity to tailor a defense and whether or not the request is for obviously exploratory purposes ” (People v. Miller, 42 Misc 2d 794, 796).
While there is no present indication that the prosecution will make use of these undisclosed taped conversations upon the trial, it is quite obvious that they do relate to the subject matter of this indictment and under the present rules of evidence in this State would be available to the prosecution either as evidence in chief or upon collateral issues. For example, in People v. Feld (305 N. Y. 322) the Court of Appeals ruled that" where the testimony of prosecution witnesses was attacked as *30 being in the nature of a recent fabrication, the People might put in evidence the recording of an intercepted telephone conversation in order to show a prior consistent statement.
In addition, 1 ‘ the use of tape and wire recordings to impeach a witness, by introducing previously recorded statements inconsistent with his position at the trial, has replaced the use of the written statement in many cases” (Conrad, “Magnetic Recordings In the Courts ”, 40 Va. L. Rev. [1954], pp. 23, 26, citing Applebaum v. Applebaum, 84 N. Y. S. 2d 505. See, also, Baron v. Kings-Suffolk Realty Corp., 4 Misc 2d 587 [1957]).
It seems clear that tape recordings fall within the doctrine of People v. Rosario (9 N Y 2d 286) and People v. Jaglom (17 N Y 2d 162) and “ it is for the defendant rather than the court to determine whether it may serve a useful purpose ” (People v. Robles, 29 A D 2d 751, 752) .
It is clear that at some time during the course of the trial, the defendant Nassar will be entitled to inspect these undisclosed recordings unconditionally (see People v. McHugh, 20 AD 2d 770).
“It is obviously important that monitored evidence not be introduced at trial in a way that unfairly affects the defendant. If inability to crossexamine the other participant makes it impossible to establish a defense of entrapment or to show that what is produced in court is not an accurate or complete record of the conversation, introduction of the evidence should be held to violate due process.” (The Consent Problem in Wiretapping, 68 Col. L. Rev. [Feb., 1968] No. 2, p. 189, 228.)
Among the fundamental requirements of fairness in a criminal trial is the right of a defendant to properly and adequately prepare his defense. (Roviaro v. United States, 353 U. S. 53.)
The Supreme Court, in Brady v. Maryland (373 U. S. 83) declared that the prosecution has a duty to disclose, upon request, any evidence favorable and material to the defense.
The sole remaining question is whether a defendant may inspect such undisclosed recordings pretrial or must he wait until after the witnesses are sworn on the trial.
The rule to be followed in such a situation was laid down in People v. Miller (42 Misc 2d 794, 796): “Where it appears that there is evidence in the possession or control of the District Attorney that may aid in the speedier trial of the case without damage or prejudice to the prosecution, a right sense of justice decrees that it should be available for discovery and inspection.”
*31 “ The court, by proceeding upon the basis of the facts in each ease, can determine whether directing pretrial disclosure will further the ends of justice. These ends would be furthered, for instance, where the court finds, on balance, and upon a satisfactory showing by defendants that granting the relief would aid the trier of the facts in making a more accurate determination of the facts in issue or that the relief is necessary from fundamental requirements of fairness.” (p. 797).
During the past year, pretrial discovery was granted in this county. In its opinion, the court said:
“ The concept of fairness inherent in due process imposes a duty upon the prosecution to apprise the defense of evidence favorable to the accused, not in every case and under all circumstances, but in 1 special circumstances, nondisclosure may amount to fundamental unfairness in a criminal trial ’. (People v. Fein, 18 N Y 2d 162, 172 [1966].) In this court’s view those ‘ special circumstances ’ exist here ”. (People v. Chambers, 56 Misc 2d 683, 687.)
In the opinion of this court, the same “ special circumstances ” exist here. Motion by defendant, Nassar is granted.
The motion by defendant, Morreale is denied on the ground that there is no evidence that any conversations between Morreale and Angelo Carucci were recorded.