In the Matter of the Application of GUS SCHWEINBERGER, alias GUS BERGER, Petitioner, against GEORGE A. CASEY, Sheriff of the County of Westchester, JOHN TOUCHER, Warden of Westchester County Jail, and WALTER A. FERRIS, District Attorney of Westchester County, Respondents.

Supreme Court, Special Term, Westchester County, April 12, 1939.

*Paul L. Bleakley* [*Irving Schneider* of counsel], for the petitioner.
*Walter A. Ferris, District Attorney,* for the respondents.

ALDRICH, J. This is an application by Gus Schweinberger, alias Gus Berger, as petitioner, against the sheriff of the county of Westchester, the warden of the Westchester County Jail, and the district attorney of Westchester county, pursuant to the provisions of article 78 of the Civil Practice Act to obtain a mandatory order (mandamus), requiring said officials to permit, the attorneys for the petitioner, and their assistants and their associates " to confer with and interview one Magda Ludwig * * * in private at all reasonable hours, upon such occasion or occasions as they may deem necessary, advisable and proper." There is no substantial dispute about the facts of the case. The petitioner Schweinberger is confined in the Westchester County Jail awaiting trial under an indictment found by a grand jury of the county of Westchester for the alleged crime of murder in the first degree. The petitioner, defendant in the criminal prosecution, is charged by said indictment with having murdered the husband of said Magda Ludwig. The indictment was found in the Supreme Court, but by order duly made the indictment has been transferred to the County Court of Westchester county for disposition according to law, and it is now pending in that court. Magda Ludwig has been commited pursuant to section 618-b of the Code of Criminal Procedure, in default of bail, by the county judge of Westchester county, as a material witness. She is now held as such in the custody of the sheriff. There is nothing to suggest that Magda Ludwig desires to talk to the counsel for the defendant. The district attorney suggests, in an opposing affidavit, that she has indicated her desire not to do so. The sheriff, warden and the district attorney have refused to permit the counsel for the petitioner to interview the witness separately and apart from third persons. They have offered to permit such an interview in the presence of the sheriff and a representative of the district attorney. This offer has been declined by the petitioner through his lawyers. The officials have also indicated their willingness to afford access to the witness for the purpose of serving a subpœna properly upon her for her appearance at the trial on behalf of the defendant. This offer has also been declined by the counsel.

We, therefore, have here presented the specific question of law, whether under the circumstances indicated, the counsel for the defendant in a criminal prosecution, awaiting trial under an indictment, has an absolute right to such an interview with a witness detained in custody under section 618-b of the Code of Criminal Procedure, separate and apart from the presence of the sheriff or any other designated representative of the sheriff and/or the district attorney. In the determination of such question, it must be borne in mind that the present application is in the nature of man-

damus made to a court under the Civil Practice Act and not in the criminal action and not to the court having the control over the trial of the indictment. A brief statement of the general principles of the subject of a mandatory order, under the Civil Practice Act, is pertinent.

The petitioner must establish a clear legal right to the relief demanded (*Matter of Colonial Beacon Oil Co.* v. *Finn,* 245 App. Div. 459, affd., 270 N. Y. 591), and there must be a clear legal duty on the part of the officer against whom the order is demanded. (*Matter of Martin's Securities Co.* v. *Walker,* 259 N. Y. 120.) Mandamus is an extraordinary remedy, and its issuance is to a great extent discretionary. (*Matter of Andresen* v. *Rice,* 277 N. Y. 271, 282.) Even after a clear legal right has been established, the court must determine, whether, in the exercise of a sound discretion, it should grant or withhold the order. (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464, 469.) Where the officer has discretionary power but a positive duty is not imposed by law, a mandatory order cannot issue. (*Matter of Sheridan* v. *McElligott,* 278 N. Y. 59, 62.) Mandamus will not issue where another remedy is available or provided by law. (*Matter of Towers Man. Corp.* v. *Thatcher,* 271 N. Y. 94, 97.)

The witness in question has concededly been committed to the county jail pursuant to section 618-b of the Code of Criminal Procedure. The sheriff has the custody of the jails of his county and the prisoners therein and such jails shall be kept by him, or by keepers appointed by him, for whose acts he shall be responsible. (County Law, § 183.) Each county jail is used, among other things, " for the detention of persons duly committed to secure their attendance as witnesses in any criminal case." (County Law, § 90.) Each county jail shall contain a sufficient number of rooms for the confinement of persons committed, as witnesses in a criminal case, separately from other prisoners under sentence. (County Law, § 91.) Each sheriff shall receive and safely keep, in the county jail of his county, every person lawfully committed to his custody as a witness, etc. (County Law, § 92.) All persons confined in a county jail shall be allowed to converse with their counsel, or religious adviser, under such reasonable regulations and restrictions as the keeper of the jail may fix. Convicts under sentence shall not be allowed to converse with any other person, except in the presence of a keeper. The keeper may prevent all other conversation by any other prisoner in the jail when he shall deem it necessary and proper. (County Law, § 92.) By the Penal Law, article 162, relating to prisoners, the term " prison " means any place designated by law for the keeping of persons held in

custody under process of law, or under lawful arrest. The term "prisoner" means any person held in custody under process of law, or under lawful arrest. (Penal Law, § 1690.) A person who, not being authorized by law, visits any county jail or communicates with any prisoner therein "without the consent of the agent or warden, superintendent, keeper, sheriff, or other person having charge thereof," etc., is guilty of a misdemeanor. (Penal Law § 1691.) The counsel for the petitioner have not called the attention of the court to any specific statutory provision which requires the sheriff to give access to the counsel for the defendant to a witness held under commitment. The independent investigation of the court fails to disclose any such statutory provision. It is agreed that neither the County Court nor the county judge out of court has, by any order whatever, directed the sheriff to grant such access. Under these circumstances it seems to be a necessary conclusion, in the light of the statutory provisions above cited, that the sheriff has, in the first instance, a discretionary authority in the premises. So considered the petitioner has not established any clear legal right or any clear legal duty on the part of the sheriff. For this reason the application must be denied.

There is another reason which requires the same conclusion. The petitioner has an adequate remedy by law in another forum. The court which has jurisdiction of the indictment has authority to consider and allow an interview with the witness upon proper application made in the criminal action. It was so held in *People* v. *Paskowitz* (151 Misc. 171), which was not cited by counsel. Such an application to interview material witnesses, made in the criminal action, in the Court of General Sessions was denied by Mr. Justice BOHAN (*People* v. *Ferdinand* N. Y. L. J., March 30, 1939, p. 1453). It does not appear from the brief memorandum there printed upon what ground the application was denied but it is reasonable to infer that it was not denied for lack of power and probably denied as a matter of discretion. Outside of this State there are numerous decisions sustaining the power of the court having control of the indictment to grant such applications and where reasonable to fix the terms and conditions thereof. Such cases indicate that it is a matter of judicial discretion with the trial court, an abuse of which discretion may be reviewed on appeal from a judgment of conviction. The various cases on this general subject are collected in the various editions of the Decennial Digest under the topic of Criminal Law, section $666\frac{1}{2}$ (6 Decennial Digest, p. 858; 7 Second Decennial Digest, p. 936; 8 Third Decennial Digest, pp. 1221, 1222 and 9 Fourth Decennial Digest, pp. 1265, 1266.) In *People* v. *Mason* (301 Ill. 370; 133 N. E. 767), it was

held in substance that the matter of granting such an application was one of discretion. The court cited *People* v. *Duncan*, (261 Ill. 339; 103 N. E. 1043). In *Atkins* v. *State* (115 Ohio St. 542; 155 N. E. 189), it was similarly held that such an interview was a matter of discretion. The court said that the court is invested with a discretion which does not become prejudicial error, unless that discretion is abused. The court cited *State* v. *Storrs* (112 Wash. 675: 192 P. 984; 197 id. 17), to the effect that the matter is discretionary with the trial court. In the opinion in the *Storrs* case there is a discussion of authorities pro and con on this subject, from which the general rule is deduced that the trial court is invested with discretion in the matter. *Robinson* v. *State* (8 Okla. Cr. 667; 130 P. 121) is another case to the same effect.

For the reasons stated the present application is denied. Settle order on two days' notice at chambers, Poughkeepsie.