Joseph P. McGrattah, J.
The defendant moves (1) to inspect the Grand Jury minutes or in the alternative to dismiss the indictment, (2) to dismiss the indictment for failure to bring it to trial in the month after its presentment, (3) to discharge the defendant without bail on his own recognizance to appear for trial the 13th day of January, 1958, (4) for such other and further relief as may be just and proper.
The defendant is charged in this indictment with the crime of assault in the second degree. The right to inspect the Grand Jury minutes in this case or in the alternative to dismiss the indictment is based upon the supposition that the only evidence presented to the Grand Jury to connect the defendant with the commission of the crime charged herein is an alleged incriminating statement made to a police officer by the defendant while in custody after arrest and before arraignment in, the Magistrate’s Court.
It is the contention of the defense that any such statement in the nature of a confession or an admission made by the defendant to a police officer between arrest and arraignment, even though it may be voluntary and without the slightest suggestion of having been induced by force or duress, is nonetheless inadmissible upon the ground that defendant was not represented by counsel at the time the statement was made. Defendant contends that he has a constitutional right to the aid of counsel during every stage of the proceedings which he says starts the minute an arrest is made. He further urges, not having had counsel to advise him as to his privilege against self incrimination, whatever incriminating statement, if any, that was made *218 by him was obtained without due process of law, in violation of his constitutional rights and, accordingly, should be stricken from the record. To support this position the defense cites the recent case of People v. Lovello (1 N Y 2d 436).
Before attempting a consideration of this novel interpretation of constitutional rights, it may be well to point out that, even assuming but not conceding defendant’s point is well taken, there is nothing in defendant’s moving papers that tends to overcome the presumption that this indictment is based upon legal and sufficient evidence. That presumption continues until there is satisfactory proof to the contrary. (People v. Nitzberg, 289 N. Y. 523, 528; People v. Howell, 3 A D 2d 153, 155, 156.)
In People v. McCann (166 Misc. 269, 270) the court passed upon a motion to inspect the Grand Jury minutes which formed the basis of an indictment and made the following observations which seem to be clearly in point with the case at bar: ‘ ‘ Many counsel for defendants have lately addressed similar motions to this court in cases where the papers failed to show grounds for granting an inspection of the minutes. They content themselves with hearsay, opinions, comments and, in some instances, with arguments and speculation as to what was or was not before the grand jury; and upon the hearing of such motions they ask for an examination of the minutes by the court to determine whether the indictment has a basis in fact — practically, asking the court to pass upon a motion, although not made, to dismiss the indictment. If this practice is encouraged, then every defendant would ask for a review of the evidence before the grand jury, in order to determine the sufficiency thereof and the validity of the indictment.”
In this case the defendant has done precisely what was condemned in the case of People v. McCann (supra); assumed or speculated that there was no legal evidence before the Grand Jury connecting the defendant with the crime other than the alleged statement hereinbefore mentioned. The court therefore would be clearly justified in giving no further consideration to this aspect of the motion.
Due however to the most unusual contention which was so seriously urged by counsel for the defendant upon oral argument of this motion, the court takes this opportunity to point out that the case of People v. Lovello (supra), by no stretch of the imagination can be considered an authority for the proposition that the defendant is entitled to be represented by counsel from the very moment of his arrest and the failure of the People to provide such legal aid is a violation of the defendant’s constitutional rights. In the Lovello case the Court of Appeals *219 reversed the judgment of conviction and ordered a new trial due, inter alia, to the refusal of the Trial Judge to charge the jury as requested by the defense that the police officers who obtained admissions from the defendant while he was in their custody were guilty of unnecessary delay as a matter of law. The Judge submitted to the jury for their consideration as a question of fact whether or not the delay was unreasonable or unnecessary. This the Court of Appeals held was error. It did not hold that admissions obtained under such circumstances were necessarily involuntary, nor that such statements may not be received in evidence. Neither did it expressly hold nor can its ruling reasonably be interpreted to mean that such admissions must be excluded from consideration because the defendant did not have counsel to advise him of his rights under the Federal and State Constitutions.
The rule of law seems to be well settled in this State that statements made by a defendant which are voluntary in nature and free from any taint of force, threats or promises are admissible notwithstanding they were made by a prisoner to officers of the law while the prisoner was in their custody and under arrest. (People v. Garfalo, 207 N. Y. 141; Murphy v. People, 63 N. Y. 590; People v. Kennedy, 159 N. Y. 346; Balbo v. People, 80 N. Y. 484.)
If such were not the rule, society would be at the mercy of the footpad, the arsonist, the murderer and the like. This kind of malefactor evinces a chronic disposition to keep his plans secret and usually strikes when backs are turned and lights are low; when there is the least likelihood of being detected; and the greatest probability of accomplishing his nefarious schemes unnoticed.
It is true that individual rights should and must be protected and preserved. So, also, must society be protected against the depredations of criminals. To accomplish the latter end the police should not be hobbled and hampered in their investigation of crime and the apprehension of criminals, if it is not done in violation of individual rights. It has never been considered a violation of such rights for the police to question a suspect, in the absence of counsel, for a reasonable length of time. The protection of the public requires no less. Otherwise the proper adjudication of the guilty will become almost impossible unless they are caught red-handed. That part of the motion directed to an inspection of the Grand Jury minutes or in the alternative to dismiss the indictment is denied.
That part of the motion to dismiss the indictment for failure to bring this case to trial in the month after its presentment in *220 also denied. The court is satisfied that there was no unnecessary delay either in presenting this case to the Grand Jury or moving it for trial. Due to a calendar condition for which neither the District Attorney nor the attorney for the defendant is responsible this case had to be adjourned to January 13, 1958, despite the fact that both sides were ready for trial. In view of the fact that the defendant was ready and willing to proceed to trial and has been unable to raise the bail heretofore set, the court has already directed that the defendant be paroled in the custody of his attorney until the day of trial. Order submitted accordingly.