Lawrence H. Cooke, J.
The attorneys representing the defendant Fonseca apply for the following relief:
“ 1) For an order directing the District Attorney of the County of Sullivan to furnish to the defendant or his attorney a copy of the minutes of the Grand Jury which heard the evidence which was received in support of the indictment accusing the defendant herein with the crime of murder in the first degree, or to permit the defendant and his attorneys to inspect the same, or in the alternative for an order dismissing the *822 said indictment against the said defendant on the ground that the said indictment is illegal and invalid, the same not being based upon sufficient legal evidence as required by the Code of Criminal Procedure of the State of New York, and on the further ground that the said Grand Jury received hearsay evidence and other incompetent and illegal evidence in violation of the constitutional rights of the defendant.
“ 2) For an order permitting the defendant or his attorneys or experts to examine the weapons alleged to have been used in the murder and to interview and confer with the material witness now incarcerated in the Sullivan County Jail and to make such other tests and inspections as may be necessary to aid experts and other expert witnesses who may be called before this court with reference to issues on said indictment.
“ 3) For an order granting leave to said defendant and his attorneys to visit the premises at 18 Clinton Avenue, Monticello, New York, the scene of the alleged crime.
“ 4) For an order directing the County Treasurer of the County of Sullivan, who has custody of the property in which the alleged crime is claimed to have been committed to allow the defendant and his attorneys to make drawings of the floor plans in said building and for an order providing for the expense thereof to be a County charge.
“5) For an order directing the District Attorney of the County of Sullivan to furnish a copy of the confession alleged to have been made by this defendant and the other defendants herein. ’ ’
This motion was originally returnable on January 26, 1959 but, upon the consent of attorneys representing all parties in open court, the matter was heard on January 19, 1959 and then presented for disposition.
In regard to that part of the application seeking an inspection of the Grand Jury minutes or, in the alternative, a dismissal of the indictment, it is a fundamental rule that there is a presumption that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary (People v. Glen, 173 N. Y. 395, 403; People v. Nitzberg, 289 N. Y. 523, 528). Here, on this application there is no satisfactory proof to the contrary. It is enough to justify the granting of a motion for inspection if facts be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 31; People v. Howell, 3 N Y 2d 672, 675), but the granting of a motion to inspect the minutes of a Grand Jury is a matter of discretion which is not to be exercised arbi *823 Lrarily or without good reason shown by the moving party based on fact and not mere assumption (People v. Moody, 133 N. Y. S. 2d 332; People v. Fort, 141 N. Y. S. 2d 290; People v. Bolivar, 146 N. Y. S. 2d 529; People v. Harrington, 9 Misc 2d 216; People v. McCann, 166 Misc. 269; People v. McOmber, 206 Misc. 465). The Judge has read the Grand Jury minutes in connection with this application for an inspection (People v. Howell, supra). Here, there has been more shown in the moving papers than in two companion applications in this regard but, under all the facts and circumstances appearing and based on the lack of sufficient reason, an inspection of the minutes in question would be an unwise and unwarranted exercise of the court’s discretion. In People v. McCann (supra, p. 270) a decision frequently quoted, the court stated: “ As a general policy, the court ought not to take cognizance of these applications unless the circumstances of the case show clearly a questionable indictment either on the law or the facts, and matters of defense ought not to be determined except upon a trial. ’ ’ There has been no such clear showing here. As a matter of fact the moving affidavit itself states that “ deponents surmise” that the testimony consisted of various stated types. Surmise is not enough (People v. O'Keefe, 198 Misc. 682, cert. denied 347 U. S. 989).
The moving defendant also seeks to have an examination of “ the weapons alleged to have been used in the murder.” There is no specification of the weapons to which reference is made. It has been held in People v. Preston (13 Misc 2d 802) that physical objects may be made available to a defendant in the discretion of the court before trial and that it need only appear that such “ evidence ” is relevant, competent and outside any exclusionary rule. Here, there is no showing of the existence of any weapon nor is there any showing of the relevance or competence thereof or that same is outside of any exclusionary rule. The moving papers are barren in this regard. In People v. Walsh (262 N. Y. 140, 150) the court reaffirmed the principle that the defense has no right to go ‘ ‘ upon a tour of investigation, in the hope that they would find something that would aid them.” In People v. Marshall (5 A D 2d 352, 355) the Appellate Division, Third Department, decided as recently as 1958, that the New York rule “ requires demonstration in the record of the materiality as well as the existence of the evidence.” (See People v. Gatti, 167 Misc. 545.)
In regard to that part of the motion which seeks permission to interview the material witness now in custody, it should be stated that the court which has jurisdiction of the indictment has authority to allow an interview with a material witness *824 upon proper application and the weight of authority seems to favor same (Matter of Schweinberger v. Casey, 171 Misc. 601, 604; People v. Earle, N. Y. L. J., June 19, 1957, p. 7, col. 8; People v. Paskowitz, 151 Misc. 171 and cases cited). A defendant should have the right to fully, freely and properly prepare his defense. Here, defendants are charged with the crime of murder in the first degree and the witness, if released on bail, would be available for interview. In the interest of fairness and substantial justice such an interview should be permitted in this case.
As to leave to the moving defendant and his attorneys to visit the scene of the alleged crime, an order of visitation has been signed previously for the defendants Martinez and Corchado, upon the consent of the Assistant District Attorney appearing in regard to that application, and the District Attorney has not objected to same here. There appears no reason why this defendant should be treated differently in this regard. Notice of this application has been served on the administrator of the deceased owner of the premises who does not object to such a visitation.
Upon argument, the District Attorney indicated that he had no objection to the preparation of the drawings of the floor plans of the building in question and no issue arises in this regard. The administrator aforesaid also has indicated that he has no objection to this item of relief.
Defendant Fonseca also asks that the District Attorney be directed to furnish a copy of the confession “ alleged to have been made by this defendant and the other defendants herein.” It is well established that confessions made by a defendant are admissible in evidence against him, unless precluded by section 395 of the Code of Criminal Procedure, as part of the People’s case, but are not admissible as evidence in support of his defense; and, therefore, such a defendant is not entitled to the production of such confessions unless there are appropriate reasons in the interests of justice why same should be had prior to trial (People v. Skoyec, 183 Misc. 764; People v. Jordan, 128 N. Y. S. 2d 457; People v. Donnelly, 204 Misc. 556; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 34). No reasons justifying such a production are set forth here. Neither would confessions of a codefendant be evidence as such on the trial and consequently the moving defendant is not entitled to copies or an inspection thereof (People v. Jordan, 128 N. Y. S. 2d 457, 460-461, supra; People ex rel. Lemon v. Supreme Court, supra). As pointed out in the Jordan case, the rights of the defendant can be protected sufficiently on trial because then the defend *825 ant may ask the court that it inspect such statements or confessions, if any, in connection with the cross-examination of the witnesses testifying on the subject contained in such documents and, if the judge finds any contradictory matter, the use of such documents in connection with cross-examination usually is allowed.
That part of the application which seeks visitation of the premises where the crime allegedly took place, that part which asks that drawings of the floor plan be made and that part which seeks an interview with the material witness are granted; the order to provide that the District Attorney arrange with the Sullivan County Sheriff’s office for the production of the material Avitness in the Sullivan County courthouse, in the custody of officials of the said Sheriff’s office at an early specific date and time, and that upon completion of interrogatories by counsel that said witness be returned forthwith to the place of detention, there to be held subject to the further order of the court. Said material witness shall have the privilege of counsel of his oavh choice being present at such intervieAV. The application, except as so granted, is denied, said denial to be Avithout prejudice to a renewal of that part of the application which seeks an examination of weapons upon proof of a proper basis for said request either before or during trial.
Submit order.