Frank X. Altimari, J.
This is an omnibus motion brought on by order to show cause for an order, 1) granting permission to defense counsel to interrogate one, ‘ ‘ buddy ’ ’ doswell, also known as boswell, and one, russell “ jones ”, last name being fictitious, 2) directing the District Attorney to furnish defense counsel with copies of photographs taken in connection with the charges contained in the indictment, 3) directing the District Attorney to furnish defense counsel with a copy of the autopsy report, and the results of any blood or sperm tests taken of the deceased, 4) granting permission to inspect and copy certain records of the Long Beach Motor Inn, and 5) directing the District Attorney to furnish defense counsel with a copy of any and all statements given by defendant.
With reference to the first branch of the motion, the court records reflect that “buddy” doswell, also known as “boswell” was released in the protective custody of the Nassau County Police Department. The second witness russell ‘ ‘ jones ’ ’ was released from custody. Therefore, the motion with respect to russell ‘ ‘ jones ’ ’ is denied. Since russell “jones” is not in custody, defense counsel does not need permission of the court or the District Attorney to interview or interrogate such witness.
The motion with respect to ‘ ‘ buddy ’ ’ doswell presents a complex issue. Generally, a material witness is held in lieu of bail or is released on bail. If held in lieu of bail the material witness is usually lodged in a detention facility. Here, however, the witness has been released in the protective custody of the police department.
There is no statutory provision which requires the Nassau County Police Department to give access to defendant’s counsel to a witness held under commitment. It is the view of this court that the police department has, in the first instance, the discretionary authority to grant or not to grant such access. (Cf. People ex rel. Schweinberger v. Casey, 171 Misc. 601.) For the purpose of this decision, the court assumes that the police department has denied defense counsel access to the witness.
There is no question,, however that this court has discretion to allow an interview with a material witness. (People v. Martinez, 15 Misc 2d 821.) If the material witness was released on bail he would be available for an interview. Although good cause exists for the witness’ request to be placed in protective custody, the interests of justice require that the defendant herein have the opportunity to prepare his defense.
Therefore, it is directed that the District Attorney of Nassau County 'arrange with the Nassau County Police Department and *908 defendant’s counsel for the production of “buddy” doswell at a time and place to be mutually agreed upon for the purpose of interviewing the said “buddy” doswell. Such interview shall take place while the witness is in the protective custody of Nassau County police officers, and that upon completion of said interview by defendant’s counsel the said witness is to be returned to the place from whence he was delivered. Defendant’s counsel shall not ask questions with respect to the witness’ present residence. The witness to be interviewed shall have the opportunity to have counsel of his own choice or assigned counsel present during such interview. (See People v. Earle, 17 Misc 2d 157.)
The second, third and fourth branches of the motion are granted to the extent that the District Attorney is directed to furnish defense counsel with a copy of the autopsy report. (Matter of Silver v. Sobel, 7 A D 2d 728.) The motion is denied in all other respects. (People v. Perrell, 47 Misc 2d 1024.)
The final phase of the motion is granted to the extent that the District Attorney is directed to furnish defense counsel with a copy of any and all written statements including a copy of any transcript of a question-and-answer statement given by defendant to law enforcement authorities. (People v. Bach, 33 A D 2d 560; People v. Remaley, 26 N Y 2d 427.) However, an alleged oral admission has no legal existence until and as testified to by the witness. Therefore, the motion with respect to oral statements is denied.