Albert H. Buschmann, J.
This is an application by petitioners for a hearing on the manner of the .selection of Grand Juries in Queens County, particularly on March 16, 1971, and for dismissal of any indictment found against petitioners on the ground that the Grand Jury was selected in a manner violative of petitioners’ constitutional rights.
By order of this court dated March 19, 1971, the requested hearing was granted. The petitioners also requested the right to voir dire the Grand Jury panel (Code Crim. Pro., § 230), which was granted. (See People v. Shakur, Supreme Ct., Queens Co., Criminal Term, Special Proceeding No. 2081 [1971].)
The panel was voir dired and the Grand Jury sworn, subject however to the condition that the efficacy of any indictment found against the petitioners would be controlled by the determination of this proceeding.
Initially, the court notes that the right not to be held upon a felony charge except upon Grand Jury indictment is guaranteed by the Constitution. (N. Y. Const., art. I, § 6.) The manner in which a Grand Jury is selected is provided for by statute (Judiciary Law, §§ 609, 684; Code Crim. Pro., § 229) and Appellate Division Rule (22 NYCBB Part 620). The court has reviewed the statutory scheme and finds that it adheres to Federal constitutional standards. (Carter v. Jury Comm., 396 U. S. 320; Turner v. Fouche, 396 U. S. 346.)
The question then remaining is whether in practice the selection procedures in Queens County are discriminatory. On this *131 question extensive hearings were held on March 19, 1971 and April 12, 13,14, 19, 22 and 28, 1971.
The general procedure for procuring the annual Grand Jury list is to use the names of those on the prior list who have not served on a Grand Jury and to fill in such additional number from qualified volunteers and invitees as will make up the total required 1,500 names. (22 NYCRR 620.21[a].) The court heard the testimony of the past County Clerk, the past First Deputy County Clerk and the current First Deputy County Clerk as to the manner of obtaining and qualifying prospective Grand Jurors. Their testimony covered the period from approximately 1938 to date. Inasmuch as the petit jury list is used as a source of invitees for prospective Grand Jury service, the court heard testimony of the clerks of the County Clerk’s Jurors’ Division as to the method of subpoenaing and qualifying petit jurors. Expert testimony was also heard as to the disparity between the membership on the Grand Jury and the percentage in the population of definable subgroups. This testimony also covered the possible causes for such disparities. Statistical data relative to the presence of people on the Grand Jury grouped by age, sex, race and income was introduced, having been culled from certain records provided by the County Clerk pursuant to an order of the Appellate Division, Second Department, dated March 22, 1971. The court will not recapitulate all of this evidence since the minutes of the hearing were transcribed and are part of the court file.
An individual is not entitled to a G-rand Jury whose membership is approximately equal to the percentage of definable subgroups in the county population but is entitled only to a jury selected without deliberate, intentional or systematic exclusion of any such subgroup. (People v. Chestnut, 26 N Y 2d 481; People v. Horton, 18 N Y 2d 355; People v. Agron, 10 N Y 2d 130.)
Upon all of the evidence presented and upon a reading of the trial minutes -and a review of all other evidence, petitioners have failed to establish that the selection process as actually used [in this county] involves any deliberate, intentional or systematic exclusion. (People v. Chestnut, supra; United States ex rel. Chestnut v. Criminal Ct. of City of New York, 442, F. 2d 611.)
The expert testimony offered by petitioners was of limited value. It was based upon mathematical percentages which require random selection processes. The Grand Jury in this State obtains its membership in the first instance upon a purely *132 voluntary system and these circumstances may well change the conclusions which would be drawn from pure random selections. Accordingly, the conclusions drawn by petitioners ’ experts with regard to the selection process in this county are questionable at best. (See People v. Chestnut, supra, p. 490.)
The use in the selection process for grand jurors of exclusions based upon ownership of property, which was abandoned at the latest in the early 1960’s, does not, taken together with all of the other evidence, demonstrate any unconstitutional discriminatory process. (See People v. Chestnut, supra.)
Some question has been raised with regard to alleged discrimination against women serving as grand jurors. This allegation is based on the fact that invitees for Grand Jury service are sent to those on the petit jury list. The County Clerk’s office has refrained from sending subpoenas to women. Women may claim an exemption from petit jury service (Judiciary Law, § 507), but are not excluded from such service. (See Judiciary Law, §§ 504-506.) Apparently the County Clerk’s procedure has been adopted on the assumption that large percentages of women will claim the exemption so as to make .subpoenaing them economically unfeasible in the terms of his present budget. Unquestionably, any woman who otherwise qualified and indicated a desire to serve on a jury would be included on the petit jury list. In any event, it does not appear that the County Clerk’s process constitutes a discriminatory practice with regard to the composition of the Grand Jury. The evidence with regard to the percentage of persons on the current annual list who were solicited by invitation from the petit jury list is far from substantial. Under the circumstances there is insufficient evidence presented for the court to find that the practice relative to the subpoenaing of women for petit jury service results in an unconstitutional discriminatory factor with regard to the Grand Jury list. (See Fay v. New York, 332 U. S. 261.)
Accordingly, petitioners’ application is denied. (Carter v. Jury Comm., supra; People v. Chestnut, supra; United States ex rel. Chestnut v. Criminal Ct. of City of New York, supra.)