Raymond E. Aldrich, Jr., J.
The defendant Robert Kessler moved to dismiss his indictment upon the ground that women, by virtue of the exemption provided them by section 665 of the Judiciary Law, were systematically excluded from the Grand Jury panel from which the Grand Jury which indicted him was selected, and accordingly his Grand Jury was not representative of a cross section of the community. It is apparent, although not expressly delineated so, this motion was prompted by Taylor v Louisiana (419 US 522), which declared the Louisiana statute concerning the process of selecting the petit jury venire to be unconstitutional.
The People opposed the motion contending that Taylor was not controlling, and the court held a hearing to determine the process by which a Grand Jury panel, and the Grand Jury is selected in Dutchess County in order to ascertain if women were systematically excluded from service with the result that the body thus constituted was not a representative cross section of the community so as to meet constitutional requirements.
The hearing testimony and the exhibits conclusively establish, and this court so finds: That in Dutchess County the petit jury list is obtained exclusively from the latest voter registration list utilizing a county computer to continually supple *494 ment and update the list of qualified petit jurors; that sometime after election each year the Commissioners of Election send to the Dutchess County Computer Center a list of every eligible voter whose name is then put on a tape, that the Commissioner of Jurors makes an annual request for the selection of a certain number of additional jurors (in the thousands), and the county computer programs the number of names requested against this latest voter registration list selecting names in accordance with the mathematical ratio of number of names requested against the number of names on the voter registration list, that the random selection by the computer which is unaware of the person’s sex results in a list of names which is then matched against the then present petit jury venire, and if there is any duplication of names that name is eliminated from the new list, that petit juror questionnaires are then sent by the Commissioner of Jurors to the individuals on this new list inquiring as to their availability for service, that upon the return of the questionnaires the Commissioner of Jurors eliminates persons claiming a permissible exemption, and the remaining are added to the petit jury venire by their ballot being added to the ballot drum; that this updating of the petit jury venire has been an annual process in Dutchess County for years preceding this indictment.
That in Dutchess County there were 103,867 registered voters eligible to vote in the 1973 general elections, of which 53,803 were women and 50,064 were men, thus the women represented 51.8% of the total; that for 1974 there were 100,925 registered voters of which 52,359 were women and 48,566 were men, thus the women represented 51.9% of the total; that for the year 1974 there were 10,580 qualified petit jurors, and for 1975 there were 17,577 of which 5,406 were women and 12,171 were men, thus the women represented 31% of the 1975 total.
That in order to qualify as a grand juror a person must in the first instance be a qualified petit juror, and the source of names for the Grand Jury list necessarily comes from the petit jury list which in Dutchess County is randomly selected by a computer from the annual voter registration list. This does not mean, however, that the names of grand jurors are chosen in a computerized manner, for they are not, but rather service on the Grand Jury is strictly voluntary, and any qualified petit juror can volunteer for such service. A person so volunteering undergoes an investigation by the Sheriff, and *495 his name if approved by the Commissioner of Jurors is then submitted to the County Jury Board for final approval; that the Dutchess County Jury Board has never rejected a name submitted by the Commissioner of Jurors during any year preceding 1975 when names were last annually added, and every prospective eligible grand juror who volunteered in 1973 was added to the grand jury list for 1974, the yearly list of names of persons from whom were selected those who brought about this indictment.
That on January 1, 1974 there were 732 prospective grand jurors on the Dutchess County Grand Jury list of which 539 were men and 193 women, thus the women represented 26.3% of the total; that on January 1, 1975 there were 650 persons on the Grand Jury list, of which 24.9% were women; that the defendant was indicted by the January 1974 Grand Jury which was empaneled January 7, 1974 after 50 persons on the Grand Jury list were summoned and drawn by court order; that of the 50 summoned for service 20%, or 10, were women, and of the 23 empaneled 17.4% or 4, were women.
The first question to be decided is whether section 665 of the Judiciary Law is constitutional, or whether it deprives the defendant of his constitutional right to be indicted by a Grand Jury of his peers because women have systematically been excluded from the Grand Jury panel by virtue of their claiming exemption as a petit juror.
Subdivision 7 of section 665 of the Judiciary Law provides as follows:
"Each of the following persons only, any inconsistent provision of law to the contrary notwithstanding, although qualified, is entitled to exemption from service as a juror upon claiming exemption therefrom: * * *
"7. A woman.”
Section 666 of the Judiciary Law provides: "The right to exemption must be claimed at the time of examination for liability to serve as a juror. If a person fails to present such claim at such time, he shall be deemed to have waived the same and cannot be exempted thereafter except for reasons accruing after the time of examination.”
The effect of the New York statute is to make every woman automatically eligible to be a petit juror, and assuming no other infirmity, she will become a qualified juror as a matter of course unless she takes the affirmative step of filing with *496 the commissioner an affidavit stating the facts entitling her to her female exemption (Judiciary Law, § 666). The Louisiana statute which Taylor found repugnant to the Sixth and Fourteenth Amendment right to an impartial jury trial is readily distinguishable from its New York counterpart. In Louisiana a woman was automatically excluded from jury service, and in the first instance her name would never be placed on the petit jury list in order to be selected unless she had previously filed with the clerk a written declaration of her desire to be subject to jury service. The Louisiana statute of exclusion must not be equated with the New York one of exemption, for the former excluded women as a class, and deprived the defendant of an impartial jury drawn from a fair cross section of the community. The Taylor court stated (419 US 522, 537, supra): "we think it is no longer tenable to hold that women as a class may be excluded or given automatic exemptions based solely on sex if the consequence is that criminal jury venires are almost totally male”.
The effect of the Louisiana statute is demonstrated by the fact that in Taylor while 53% of the persons eligible for jury service were female, no more than 10% on the jury wheel in St. Tammany parish were women, that during the period December 8, 1971 to November 3, 1972 only 12 females were among the 1,800 persons drawn to fill petit jury venires, and that there were no females on the 175 person venire drawn for Taylor’s trial.
The Taylor court (supra, p 538) noted that while there is no requirement "that petit juries actually chosen must mirror the community * * * the jury wheels, pools of names, panels or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.”
Section 665 of the Judiciary Law does not on its face fall within the proscribed standards enunciated in Taylor so as to be unconstitutional, and the application of the section in Dutchess County does not lead to the exclusion of women from jury venires so as to deprive a defendant of a jury venire drawn from a source fairly representative of the community. The record upon this hearing does not indicate that in Dutchess County women are systematically excluded from service on the petit jury or the Grand Jury, but rather in 1973 they represented out of 17,577 petit jurors 31% of the total jurors, and that on January 1, 1974 they represented 26.3 per cent of *497 the total Grand Jury list, and that of the Grand Jury which indicted this defendant they represented 17.4% of the total number. While such figures standing alone might suggest a mathematical disparity, without more, the mere showing of such disparity is insufficient to meet the burden of proving an intentional and systematic discrimination against women so as to establish that they were systematically excluded from serving as grand jurors in Dutchess County (People v Chestnut, 26 NY2d 481, 488; People v Cender, 67 Misc 2d 129, 131). Defendants are not entitled to a jury of any particular composition (Fay v New York, 332 US 261, 284). The foregoing figures establish that women comprise a significant portion of petit jury and Grand Jury venires in Dutchess County thus refuting any contention that such bodies "are almost totally male”. Of equal significance is the fact that no effort is made by the Dutchess County Jury Board to exclude women from the Grand Jury venire which is composed solely of volunteers from the petit jury list, but rather the contrary appears since everyone who has volunteered for such service has been put on the Grand Jury list.
The number of persons on the annual Dutchess County Grand Jury list should not be less than 500 nor more than 700 (Judiciary Law, § 684, subd 1; Rules of App Div, 2d Dept., § 693.2, subd [a] [22 NYCRR 693.2(a)]). The drawing of grand jurors in Dutchess County is made by the Commissioner of Jurors by his drawing of names from a Grand Jury drum which contains a ballot for every name on the annual Grand Jury list. This drawing is made at the office of the Commissioner of Jurors in the presence of the County Judge and the Sheriff or his deputy (Judiciary Law, § 684, subd 3; § 669) and is done openly by the commissioner reaching into the drum which has been turned to thoroughly mix the ballots, and his drawing out one ballot at a time without his prior knowledge as to which name he will draw. This procedure complies with the requirement that the drawing be conducted publicly (Judiciary Law, § 684, subd 3; § 671, subds 1, 2). The presence of 732 names on the Grand Jury list on January 7, 1974, when the authorized range varied from 500 to 700 is regarded as an inconsequential procedural irregularity, absent a showing of prejudice to or violation of substantial rights of the defendant. (People v Smith, 54 Misc 2d 902.)
The annual selection of the petit jury venire in Dutchess County is predicated solely on the basis of random selection of *498 prosective members by computer programming to make a random selection of names from the most recent voter registration list. This method was considered at length in reviewing the facts. No evidence was presented that in programming the computer for random selection, any effort was made to have the computer reject or sort out in any way the names of women.
The manner of annually selecting grand jurors is prescribed by subdivision (c) of section 693.2 of the Rules of the Appellate Division, Second Department (22 NYCRR 693.2[a]; Judiciary Law, § 684, subd 1), and this court finds that this subdivision has been observed and followed by the Commissioner of Jurors in the selection of the annual list. The certification on November 27, 1973 of the annual 1974 Grand Jury list by the jury board and the commissioner indicates their satisfaction that the persons on the list, after investigation, have been found to possess the requisite qualifications, character and fitness for service on the Grand Jury.
The defendant has not sustained his burden of proving that there is in Dutchess County an intentional systematic effort to arbitrarily exclude from the petit and Grand Jury venires a particular class, in this case, women (People v Prior, 294 NY 405, 410; People v Brophy, 304 NY 391, 394), or that such a result occurred in the administration of the jury system.
For the foregoing reasons, the motion is denied.