Donald J. Mark, J.
This is an application by the defendant for an order granting permission to defense counsel to interrogate Angelo Monachino and Joseph Lanovara who are poten *543 tial witnesses for the People and are being held in protective custody.
This application has previously been denied on the authority of People v Bennett (75 Misc 2d 1040), which held that it was incumbent upon defense counsel to arrange his own interviews. However, all of defense counsel’s attempts in this regard were frustrated.
Defense counsel has the right to interview the People’s witnesses (People v Eanes, 43 AD2d 744). There is also no question that the court has discretion to allow an interview with a material witness (People v Martinez, 15 Misc 2d 821). This right extends to a witness placed in protective custody because justice requires that the defendant have an opportunity to present his defense (People v Cusano, 63 Misc 2d 906).
However, these witnesses have a constitutional right to speak to defense counsel or to refuse to do so (People v Bradford, 54 Misc 2d 54), and also the right to have counsel of their choice or assigned counsel present during such interview (People v Earle, 17 Misc 2d 157). Defense counsel shall not interrogate the witnesses as to their present addresses (People v Cusano, supra).
Therefore, it is directed that the District Attorney of the County of Monroe arrange with the proper authorities for the production of Angelo Monachino and Joseph Lanovara at a time and place to be mutually agreed upon for the purpose of an interview by defense counsel at least 24 hours prior to the time such witnesses are scheduled to testify at the above-entitled trial.